## ASTOR *vs.* TURNER and SKIDMORE.

Where mortgaged premises are sold under a decree of foreclosure, if the accruing rent becomes payable between the day of sale and the time when the purchaser will be entitled to the possession, of the mortgaged premises, by the terms of the decree and the practice of the court, such rent belongs to the owner of the equity of redemption, and not to the purchaser at the master's sale.

But if the proceeds of the mortgaged premises are insufficient to pay the amount due upon the decree, and the mortgagor, or the person who is personally liable for such deficiency is insolvent, the complainant is entitled to a receiver, to collect such rent, and have it applied to the payment of such deficiency.

The owner of the equity of redemption, is, at law, entitled to the rents and profits of the mortgaged premises, until the purchaser under the decree becomes entitled to the possession of the premises. But where the mortgaged premises will probably be insufficient to pay the amount due upon the mortgage, and the person who is personally liable for the mortgage money is insolvent, the mortgagee, after the mortgage has become due, is in equity entitled to such rents and profits to satisfy the anticipated deficiency; and he may obtain a lien thereon for that purpose, by the appointment of a receiver.

THESE were appeals from an order made in these causes, by the vice chancellor of the first circuit. The facts are stated in the chancellor's opinion.

*J. Rhoades,* for the appellant.

*H. P. Hastings,* for the respondents.

THE CHANCELLOR. These cases came before me upon the separate appeal of W. Skidmore, in each suit, from an order of the vice chancellor of the first circuit, made in both suits, for the appointment of a receiver of the rents and profits of mortgaged premises. There was a final decree in each suit, for the sale of the premises mentioned in the complainant's bill therein; with a decree over against the mortgagor for the deficiency, if any. The premises were sold by the master on the 31st of October, 1844, and were bid in by the complainant; leaving a deficiency of $600, due upon the decree in each suit. The appellant was the owner of the equity of redemption, and was in possession of the premises, by his tenants, at the time of the

sale. But by the terms of the decrees under which the sales were made, and under the rules of the court, the purchaser was not entitled to the possession of the premises until after the rents, up to the first of November, would become due and payable. The vice chancellor, therefore, upon the application of the complainant, directed a receiver of those rents to be appointed, and that the rents when received should be applied to the payment of the deficiency remaining due upon the decree, in each case, beyond the proceeds of the sale of the mortgaged premises; the mortgagor being insolvent. And he was clearly right, upon the principles heretofore settled by this court. The holder of a mortgage which has become due, and where the proceeds of the mortgaged premises are not, or when they probably will not be, sufficient to pay his debt and costs, and where the mortgagor or other person who is personally liable for the deficiency is insolvent, may apply for a receiver, to secure the rents and profits of the mortgaged premises which have not yet been collected. In this way he may obtain a specific lien upon the rents and profits, to pay such deficiency, or the anticipated deficiency; although he cannot call upon the owner of the equity of redemption in the mortgaged premises, to refund rents and profits which the latter had collected, or received, before the mortgagee attempted to get a specific lien upon such rents and profits, by the appointment of a receiver. (See *Howell* v. *Ripley*, 10 *Paige's Rep.* 43.)

Here the deficiency was actually ascertained, on the 31st of October, when the mortgaged premises were struck off to the complainant. If the purchaser had been entitled to the immediate possession of the premises, by the terms of the decree and the conditions of the sale, the rents which fell due the next day would have belonged to him. The legal presumption, in that case, would have been that he had purchased in reference to such right, and had given more for the premises than he otherwise would have done on account of such rents and profits.

Here, however, the purchaser was not entitled to the rents which would become due before his right to the possession of the premises was to commence; even if the order to confirm the master's

report should be entered immediately. And if there had been no deficiency those rents would have belonged to the owner of the equity of redemption. But the mortgagee had an equitable right to such rents, to pay the deficiency; which right could only be enforced by an application to the court, to appoint a receiver.

The objection that the vice chancellor has altered a final decree, by the order appealed from, is not well taken. The final decree, in each suit, stands in full force. And the order to apply these rents towards the deficiency, due from an insolvent mortgagor, is merely a collateral remedy against this fund, which in equity was secondarily liable for the payment of such deficiency. The fact of the deficiency having been ascertained when this order was made, the vice chancellor was also right in making a final disposition of the rents and profits which were to be received; instead of charging the fund with the expense of a new application to the court for that purpose.

The order appealed from must be affirmed, upon each appeal, with costs.