[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 464 
The rent in controversy became due, by the terms of the lease, from Meech and wife to the defendant, on the first day of February, 1860. On the 7th day of December, 1859, the plaintiff became the purchaser of the demised premises at a sheriff's sale, under a judgment of foreclosure founded upon a mortgage given before the demise. The defendant was a party to the foreclosure suit, and, with the other defendants, was bound by the judgment, and foreclosed and barred of all claim under his lease. By the terms of the judgment, the purchaser was only entitled to be let into possession of the premises, and the defendant was only required to yield and deliver possession to such purchaser, on production by the latter of the sheriff's deed and a certified copy of the order confirming the sale. It does not appear, by the agreed statement of facts, that the sale has been confirmed, or any deed been given by the sheriff. The title of the plaintiff has not, therefore, become perfect, and he not only has not evicted the defendant, but he has had no power to do so, and the defendant has not attorned to him as the purchaser; and had he done so, it would have been without authority of law, and would not have excused the payment of rent. The attornment would have been void. (2 R.S., p. 744, § 3.) The lessor and his assigns were entitled to the rent that accrued and became due between the day of sale and the time when, by the terms of *Page 465 
the decree, the purchaser became entitled to the possession of the premises. (Astor v. Turner, 11 Paige, 436.) There must be an eviction, actual or constructive, before the rent becomes due, or the tenant must have actually attorned to one who has acquired a title paramount and superior to that of the landlord, to defeat an action for the rent at the suit of the landlord or his assigns. (Evertson v. Sawyer, 2 Wend., 507.) In Ball v.Westwood (2 Campb., 11), which was an action for use and occupation, the evidence was that the plaintiff had forfeited his copyhold, which had been seized by the lord of the manor, to whom the tenant had since paid rent; and it was held inadmissible, unless the tenant had divested himself of the possession obtained of the landlord and commenced a fresh holding under another person; and as the tenant had not disclaimed holding of the plaintiff, his lessor, and entered afresh under the new landlord, judgment was given against him. It is enough to defeat an action for rent that the tenant was either evicted, or, upon a valid claim by a third person under title paramount, has yielded up or abandoned possession: but one or the other is necessary to a defence. (Simers v. Saltus, 3 Denio, 214.) In that case, the defendant, on being requested by the purchaser to attorn to him, refused to do so, and left the possession of the premises.Fuller v. Van Geesen (4 Hill, 171), merely passed upon the effect of a master's deed under a decree of foreclosure in chancery as against a wrongdoer, and the operation of the doctrine of relation to make the deed effectual from its date upon a subsequent confirmation of the sale by the order of the court. But the case is authority that, until the deed, no title vests in the purchaser. To the same effect is Giles v.Comstock (4 Comst., 270); and the doubt in that case was whether the purchaser could evict the tenant, or require him to attorn after obtaining the deed and before the order of confirmation. The rent in that case was payable in advance, and was due before the sale of the premises, although the deed was given before the expiration of the quarter for which the action was brought. The court held that payment to the purchaser, upon his demand and upon the production *Page 466 
of the deed, constituted no defence to the action at the suit of the mortgagor and landlord. Clason v. Gorly (5 Sandf. S.C., 447), was a well-considered case, in which Judge SANDFORD, with his usual care, examined the rights of purchasers at judgment sales under decrees of courts upon foreclosure of mortgages before and after the confirmation of the sale, and the rights and liabilities of tenants who were parties to the foreclosure suit and bound by the decree. It was held in that case — Judges DUER and BOSWORTH concurring — that the owner of the equity of redemption in land mortgaged was entitled to the rents which became due down to the period when the purchaser under the decree of sale became entitled to the possession of the land; which right accrued upon the production to the occupant of the premises of the master's or sheriff's deed and a certified order confirming the report of the sale after it became absolute. To this extent the principle of Astor v. Turner was merely adopted; and the same doctrine is decisive of this case. But the court applied the principle to the case of a purchase by the tenant himself, and held that, when the tenant became the purchaser at the sheriff's sale under a decree of foreclosure on the 22d of March (during the running of a quarter ending on the 1st of May following), and complied with the terms of sale by a tender of the purchase-money on the 5th of April, the day mentioned in the terms of sale for the delivery of the deed, but, owing to the neglect of the plaintiff in the foreclosure suit to have the decree enrolled, the deed was not delivered until the 2d of May, the day after the rent became due, and the order of confirmation was not entered until the 24th of May, the tenant was liable to his landlord for the quarter's rent becoming due on the 1st of May. By the mere sale under the judgment in the foreclosure suit, no change of title was effected. That could only be done by the deed; and, as no deed had been given at the time the rent claimed became due, and the defendant remained in the undisturbed possession of the demised premises under his lease, he was, of course, liable to the lessor, or his assigns, for the rent, and the plaintiff has title as assignee of the lessor, *Page 467 
and judgment should have been given for him. (Edgerton v.Page, 20 N.Y., 281.)
The judgment of the Supreme Court should be reversed, and judgment given for the plaintiff for the amount claimed, with interest.