Allen, J.
The rent in controversy became due, by the terms of the lease, from Meech and wife to the defendant, on the first day of February, 1860. On the 7th day of December, 1859, the plaintiff became the purchaser of the demised premises at a sheriff’s sale, under a judgment of foreclosure founded upon a mortgage given before the demise. The defendant was a party to the foreclosure suit, and, with the other defendants, was bound by the judgment, and foreclosed and barred of all claim under his lease. By the terms of the judgment, the purchaser was only entitled to be let into possession of the premises, and the defendant was only required to yield and deliver possession to such purchaser, on production by the latter of the sheriff’s deed and a certified copy of the order confirming the sale. It does not appear, by the agreed statement of facts, that the sale has been confirmed, or any deed been given by the sheriff. The title of the plaintiff has not, therefore, become perfect, and he not only has not evicted the defendant, but he has had no power to do so, and the defendant has not attorned to him as the purchaser;' and had he done so, it would have been without authority of law, and would not have excused the payment of rent. The attornment would have been void. (2 R. S., p. 744, § 8.) The lessor and his assigns were entitled to the rent that accrued and became due between the day of sale and the time when, by the terms of *465 the decree, the purchaser became entitled to the possession of the premises. (Astor v. Turner, 11 Paige, 436.) There must be an eviction, actual or constructive, before the rent becomes due, or the tenant must have actually attorned to one who has acquired a title paramount and superior to that of the landlord, to defeat an action for the rent at the suit of the landlord or his assigns. (Evertson v. Sawyer, 2 Wend., 507.) In Ball v. Westwood (2 Campb., 11), which was an action for use and occupation, the evidence was that the plaintiff had forfeited his copyhold, which had been seized by the lord of the manor, to whom the tenant had since paid rent; and it was held inadmissible, unless the tenant had divested himself of the possession obtained of the landlord and commenced a fresh holding under another person; and as the tenant had not disclaimed holding of the plaintiff, his lessor, and entered afresh under the new landlord, judgment was given against him. It is enough to defeat an action for rent that the tenant was either evicted, or, upon a valid claim by a third person under title paramount, has yielded up or abandoned possession: but one or the Other is necessary to a defence. (Simers v. Saltus, 3 Denio, 214.) In that case, the defendant, on being requested by the purchaser to attorn to him, refused to do so, and left the possession of the premises. Fuller v. Van Geesen (4 Hill, 171), merely passed upon the effect of a master’s deed under a decree of foreclosure in chancery as against a wrongdoer, and the operation of the doctrine of relation to make the deed effectual from its date upon a subsequent confirmation of the sale by the order of the court. ' .But the case is authority that, until the deed, no title vests in the purchaser. To the same effect is Giles v. Comstock (4 Comst., 270); and the doubt in that case was whether the purchaser could evict the tenant, or require him to attorn after obtaining the deed and before the order of confirmation. The rent in that case was payable in advance, and was due before the sale of the premises, although the deed was given before the expiration of the quarter for which the action was brought. The court held that payment to the purchaser, upon his demand and upon the production *466 of the deed, constituted no defence to the -action at the suit of the mortgagor and landlord. Clason v. Gorly (5 Sandf. S. C., 447), was a well-considered case, in which Judge Sakdford, with his usual care, examined the rights of purchasers at judgment sales under decrees of courts upon foreclosure of mortgages before and after the confirmation of the sale, and the rights and liabilities of tenants who were parties to the foreclosure suit and bound by the decree. ’ It was held in that case —Judges Düer and Bosworth concurring—that the owner of the equity of redemption in land mortgaged was entitled to the rents which became due down to the period when the purchaser under the decree of sale became entitled to the posses-sion of the land; which right accrued upon the production to 'the occupant of the premises of the master’s or sheriff’s deed and a certified order confirming the report of the sale after it became absolute. To this extent the principle of Asior v. Turner was merely adopted; and the same doctrine is decisive of this case. But the court applied the principle to the case of a purchase by the tenant himself, and held that, when the tenant 'became the purchaser at the sheriff’s'sale under .a decree of foreclosure on the 22d of March (during the running of a quarter ending on the 1st of May following), and complied with the terms of sale by a tender of the purchase-money on the 5th of April, the day mentioned in the terms of sale for the delivery of the deed, but, owing to the neglect of the plaintiff in the foreclosure suit to have the decree enrolled, the deed was not delivered until the 2d of May, the day after the rent became due, and the order of confirmation was not entered until the 24th of May, the tenant was liable to his landlord for the quarter’s rent becoming due on the 1st of May. By the mere sale under the judgment in the foreclosure suit, no change of title was effected. That could only be done-by the deed; and, as no deed had been given at the time the rent claimed became due, and the defendant remained in the undisturbed possession of the demised premises under his lease, he was, of course, liable to the lessor, or his assigns, for the rent, and the plaintiff has title as assignee of the lessor, *467 and judgment should have been given for him. (Edgerton v. Page, 20 N. Y., 281.)
The judgment of the Supreme Court should be reversed, and judgment given for the plaintiff for the amount claimed, with interest.
Denio, Ch. J.
There may be other answers to the defence set up by the defendant besides the one which I am about to mentionbut as that seems to me quite conclusive, I have bestowed no thought upon the others which have been suggested.
The clause in the lease contemplates a case in which the estate of the lessee, as well, as that of the lessor, shall be extinguished. This will be obvious from a little reflection. It would be quite unnecessary to make such a provision to guard against the effect upon the lessee of the devolution of the estate of the lessor upon another party. The lessee would, in such a case, hold under the party succeeding to the estate of the lessor, who could not repudiate the demise made by his predecessor in the title. But the lessors, H. T. and Adeline Meech, were not the owners of the demised premises—they ^ belonging to one Washburn. It is not stated that this condi- ** tion of the title was unknown to the defendant, the lessee, when he took the lease. In the absence of such statement, he must be assumed to have known it. There is also a strong inference to the same purpose from the clause itself; for if the lessors were understood to be the unconditional owners, there could not have been, as I have stated, the least necessity for such a provision. Nothing which the lessors, being the owners, could do, .could prejudice the title of the lessees.
Any conveyánce by them would be subject to the lease, and the lessee, as has been stated, would hold under the substituted owner. It was to provide against apprehended disturbance from this imperfection of title of the .lessors that the clause was inserted; and this may have been as important to the lessors as to the lessees. The means agreed upon to prevent disturbance on that account was, as I understand its nature *468 and design, that the lessee should, in the event of the extinguishment of the lessor’s title by the assertion of a paramount title, hold under the party establishing or acquiring such paramount title, upon the same terms as he held under the original lessors. Such paramount title was established by the foreclosure of the mortgage that Washburn had executed; and the plaintiff has become the owner under such title, and he has, by writing, consented to ratify and confirm the lease. This, by the explicit terms of the provision, qualifies the effect of the principle of law which would have extinguished the lease in an ordinary case. The defendant cannot, therefore, set up that principle of law to avoid the further payment of rent; for, modus et conventio vincunt legem. The arrangement is not liable to the objection that it was for'the benefit of a stranger. If that were so, probably the plaintiff would be defeated for want of privity. The covenant to pay rent was with H. T. and Adeline Meech, the original lessors, and ran to them or to their assigns. But Washburn was the owner of the demised premises; and whatever title the Meeches had, terminated before or in 1853. Washburn then executed a ratification ^ of the lease, which the defendant accepted, and he continued to enjoy the premises as lessee, and to pay rent. Robert Meech became the owner by mesne conveyances from Washburn in or prior to 1856, and he executed a confirmation, which the defendant received, and he continued to enjoy the premises and to pay the rent. By this instrument of confirmation, Robert Meech makes the lease and all its provisions obligatory on him. By accepting it and continuing in possession, the defendant became the tenant of Robert Meech, and he is concluded from denying that Meech is the assignee of the original lessors; or, if not such assignee, he has become virtually an original lessor by force of the new contract. The estate had ceased, and the defendant accepts Robert Meech as the lessor-in their stead. Then Robert Meech conveys to the plaintiff, and that conveyance carries with it the grantor’s right to the. rents. The defendant, had there been nothing more in this case, would have been bound to pay the rent, according to the *469 original lease, to the plaintiff, as the assignee of Robert Meech. But then a mortgage, which was a paramount lien, is enforced, and the plaintiff becomes the purchaser of the premises at the foreclosure sale. Had the plaintiff been a stranger to the contract under which the defendant held the premises, then, inasmuch as the lessee, the defendant, was made a party to the foreclosure suit, he, as purchaser under the. foreclosure, and being thus invested with the paramount title, might have put an end to the tenancy. But he was the grantee of Robert Meech, the defendant’s lessor, by virtue of the instrument of ratification which Meech had executed, and which the defendant had accepted. He is, therefore, to be regarded in the same light as though he held under the Meeches, who executed the original lease, for he has placed himself in that position by his instrument of confirmation. Hence, he is not to be considered as a stranger, but as either the assignee of the original lessors, or as himself an original lessor, and is, therefore, entitled to the advantage which his purchase under the foreclosure had given him, and to ratify and confirm the defendant’s tenancy according to the provision to that effect in the lease; and having done so, the defendant cannot repudiate the lease under the principle which has been referred to. The judgment should be reversed, and judgment be given for the plaintiff.
Wright, Selden, Sutherland, Gould and Smith, Js., concurred.
Judgment reversed, and judgment for plaintiff