# Cases

---

## WILLIAM W. RIDER, APPELLANT, v. DAVID VROOMAN, JOHN H. BAGLEY, JR., AND OTHERS, RESPONDENTS.

*Mortgage foreclosure — Receiver of rents and profits — to what rents, etc., he is entitled.*

Where, in an action to foreclose a mortgage, a receiver of the rents and profits is appointed, on the application of the plaintiff, such receiver acquires no title to such rents and profits until the date of his appointment, and then only to such as remain unpaid at that date to the owner of the equity of redemption or the party by whom he is represented, *e. g.*, his assignee in bankruptcy.

APPEAL from an order made at a Special Term, denying the motion of the plaintiff that the defendant "John H. Bagley, Jr., pay or deliver over to James T. Olwell, receiver appointed herein, the rents and securities collected and received by himself or his agent or agents, of Nichols & Pennoyer, or either of them, for rent of the premises described in the complaint as the dock property, or the equivalent of such rent or securities in money."

This action was brought by the plaintiff to foreclose two mortgages held by him against the defendants, David Vrooman and wife. The allegations in the complaint are the usual and ordinary allegations in a foreclosure complaint, except that in addition thereto it alleged that the mortgaged premises were insufficient to pay his mortgages after the prior valid liens thereon were paid; that David

Vrooman and all persons personally liable for the mortgage debt were insolvent, and that the plaintiff had not adequate security for his debt. That David Vrooman had, about six months previous, been adjudicated a bankrupt under the laws of the United States, and that the defendant, John H. Bagley, Jr., was his assignee in bankruptcy, and as such assignee, and by virtue of an assignment in bankruptcy to him, he was invested with all the mortgaged premises and the equity of redemption thereof. That the defendants, Nichols & Pennoyer, are in possession of the premises described in the mortgage, under a lease to them by Vrooman at $1,000 per annum, payable quarter yearly.

After the usual demands the complaint demanded "that a receiver of the rents and profits of all the mortgaged premises mentioned in said mortgage to said plaintiff be appointed by this court during the pendency of this action."

No answer or demurrer to the complaint was interposed by any of the defendants.

The final judgment of foreclosure was granted in this action on the 17th day of February, 1875, at the same time and place that an order appointing James T. Olwell receiver was granted. The receiver's bond was not approved and filed till the nineteenth day of February. A copy of the order appointing Mr. Olwell receiver was not served on Mr. Bagley till March 8, 1875.

The rents which the plaintiff now asks to have paid over to him, by Bagley, as assignee, were collected and paid out the day before the receiver was appointed, to wit, on the sixteenth day of February. Of the rents collected by said assignee, $250 was due December 1, 1874, and sixty-one dollars and forty-five cents was advanced on the quarter's rent which was to become due March 1, 1875.

*J. A. Griswold*, for the appellant.

*King & Hallock*, for the respondent John H. Bagley, Jr.

BOOKES, J.:

I was not entirely assured on the argument of this appeal but that the mortgagee obtained a superior right and equity to the uncollected rents and profits of the mortgaged premises, over the assignee

in bankruptcy of the mortgagor, from the time the former instituted his proceeding for the appointment of a receiver. But I find on looking into the authorities (and on reflection this must be so on principle) that the receiver obtained no right to the rents and profits of the mortgaged premises until his appointment, and then only to such as remained unpaid to the owner of the equity of redemption, or to the party representing such owner; in this case the assignee in bankruptcy. It was by virtue of the appointment that the mortgagee obtained an equitable lien on the unpaid rents of the premises mortgaged. (*Lofsky* v. *Maujer*, 3 Sandf. Ch., 69; *Howell* v. *Ripley*, 10 Paige, 43; *Astor* v. *Turner*, 11 Paige, 436; *Bank of Ogdensburgh* v. *Arnold*, 5 Paige, 38; *Post* v. *Dorr*, 4 Edwd. Ch., 412.) The receiver in this case was appointed on the 17th of February. To that time the owner of the equity of redemption, or the party representing him, had the right to make collection of the rents, unless restrained by injunction from so doing. There was no injunction in this case; therefore, the right to receive the rents remained to the mortgagor, or in this case, to his assignee in bankruptcy, who represented his rights in the mortgaged property, until the 17th of February, when the receiver herein was appointed. It was held in *Astor* v. *Turner* (*supra*), that it was by the appointment of a receiver that the mortgagee may obtain a specific lien upon the rents and profits to answer any expected deficiency; and that he could not call on the owner of the equity of redemption to refund rents and profits, which the latter had collected or received before the mortgagee secured his specific lien by the appointment of the receiver. So, too, it was said in *Post* v. *Dorr* (*supra*), in substance, that a mortgagee acquires a specific lien upon the rents by obtaining the appointment of a receiver of them. In this case the rents were collected and received by the assignee in bankruptcy before the appointment of the receiver. The order of the Special Term was right and must be affirmed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.