18  183
17ap323

ELIZA PECK, RESPONDENT, v. THE KNICKERBOCKER ICE COMPANY, APPELLANT.

*Eviction — what does not constitute.*

The plaintiff leased certain premises to defendant for a term ending November 1, 1876, at an annual rent of $900, payable semi-annually, on the first days of May and November. July 31, 1876, a judgment was entered in an action to which both plaintiff and defendant were parties, brought to foreclose a mortgage upon the leased premises, given prior to the execution of the lease, which directed that the purchaser be let into possession on the production of the referee's deed and a certified copy of the order confirming the report of sale. The premises were sold on September 20th, 1876, and on October 16th the referee's deed was delivered to the plaintiff and on November 21st an order was filed confirming his report of sale.

On September 25th the defendant, at the request of the purchaser, voluntarily delivered the keys to him and abandoned the premises, having no further use for them.

In an action brought by the plaintiff to recover the rent falling due November 1, 1876, *held*, that no eviction was shown, and that she was entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover rent due upon a lease. The facts are not disputed, and the only question upon this appeal is, whether the facts proved made out an eviction of the defendant under title paramount, before the rent in question became due.

From the referee's report, it appears that "on October 23, 1873, the plaintiff was the owner of a certain ice house, dock and appurtenances in the town of Marlborough, Ulster county, N. Y.,

and continued to be such owner until her title thereto was terminated by the foreclosure proceedings hereinafter mentioned. On that day a written lease for the said property was given to defendant for the term of one year from November 1, 1873, at the yearly rent of $900, payable semi-annually, with the privilege of continuing the same lease for two years longer at the same rent. The defendant went into possession of the demised premises under said lease, and on October 8, 1874, gave notice of their intention to continue the lease for the further term of two years, and did continue to hold possession of said premises until after the 1st day of November, 1876, under such lease and extension. The defendant stored ice in the house in the winter and removed it in the summer. July 31, 1876, a decree of foreclosure upon a mortgage, given in 1870, was entered, directing a sale of the mortgaged property by a referee, and further directing that the purchaser at such sale be let into possession on production of the referee's deed and a certified copy of the order confirming the report of sale. The plaintiff and the defendant and said William M. Peck were parties defendants in such action and decree. The said premises were sold under said judgment to one William A. Huested on September 20, 1876, and the referee's deed for said premises was dated and delivered to said Huested on October 16, 1876, and recorded in Ulster county clerk's office on October 30, 1876. On November 16, 1876, the referee made his report of sale, which bears date as of that day, and the same was filed in Ulster county clerk's office on November 21, 1876. On the 20th of November, 1876, such report was confirmed by an order granted at a Special Term of this court, held at Newburgh, N. Y., and such order of confirmation was entered November 21, 1876, in Ulster county clerk's office.

On September twenty-fifth, the Monday next after the said referee's sale, the said William A. Huested asked the agent of the defendant if he had the keys with him and was done with the property. The agent answered that he was done with it, and then gave to said Huested the keys of two shops on the premises. At the time of the foreclosure sale the defendant had delivered and removed all the ice which had been stored in said ice house on said premises. The delivery of ice by them was not hastened by

the foreclosure. The delivery of the keys to Mr. Huested, as above mentioned, was entirely voluntary, and because the defendant could make no further use of the property and was done with it. No person other than the defendant's agent entered upon or took any possession of the demised premises until after November 1, 1876. After November 1, 1876, Huested assigned to said William M. Peck all his claims to the rent in question, and said William M. Peck thereafter assigned all his right of action against the defendant to one Wallace Peck, and said Wallace Peck assigned the same to the plaintiff before the commencement of this action. The defendant never paid any rent accruing under said lease from or after May 1, 1876."

*Schoonmaker & Linson.* for the appellant.

*E. A. Brewster* and *Samuel Hand,* for the respondent.

BOARDMAN, J.:

Unless the law compels a reversal of this judgment, every consideration of fairness and right would lead us to affirm it. The defendant had the beneficial use of the property for the entire term it required the use, notwithstanding the foreclosure. The premises remained unoccupied for the last month or two before the end of the term, simply because no one had any use to make of them; but we think the judgment is readily sustained upon authority.

The alleged eviction or surrender was made before Huested, the purchaser, had received his deed. Huested at that time had no title to the property, and the act of delivering the keys of the leased property to him by the tenant was a nullity, so far as Mrs. Peck was concerned. It would not have prevented her from suing and recovering for rent thereafter, becoming due prior to the delivery of the deed. If the act was a nullity when done, no other act was afterwards performed which could constitute an eviction or a surrender of the leased premises prior to the first of November, when the term ended.

But passing that consideration, the decree of foreclosure and sale under it do not *per se* divest the title of the mortgagor. By the decree in that case, the tenant was entitled to the possession

of the mortgaged premises until the first of November, unless the purchaser under the foreclosure presented his deed *and the order of confirmation by the court.* That was not done until after November first. The purchaser takes title under and by virtue of the judgment, and he had no right to possession under his purchase, until the performance of such prerequisites as that requires. Until such time Mrs Peck, through her tenant, had the legal right to hold the property, and the contract between them remained unaffected. (*Whalin* v. *White*, 25 N. Y., 462; *Giles* v. *Comstock*, 4 id., 270.) The confirmation of the report of sale was essential to the purchaser's acquiring title. (*Astor* v. *Turner*, 11 Paige, 436; *Clason* v. *Corley*, 5 Sandf., 447; 1 Barb. Ch. P., 528, 529 and 531.)

In the case of *Simers* v. *Saltus* (3 Den., 214), it is assumed by the court that the purchaser at the mortgage sale was entitled to the possession. We must therefore infer that the sale had been confirmed in accordance with the practice in chancery at that time. (Barb. Ch. Pr., *supra*.) In *Mitchell* v. *Bartlett* (51 N. Y., 447) it would seem that the judgment gave the purchaser the right to the possession on the production of the referee's deed. Whether a confirmation of the sale had been obtained does not appear ; but the court holds that the purchaser is not entitled to the possession except in pursuance of the provisions of the judgment. While the mortgagor's title may be divested by the giving of a deed alone, in pursuance of a judgment requiring that only, in this case a confirmation of the sale, as well as the delivery of the deed, was required, and both are necessary to vest title and right of possession in the purchaser.

Until the confirmation of the sale by the court, it is not absolute. It may be set aside and a re-sale ordered. The purchaser has acquired only a contingent right. Until such right becomes absolute by confirmation, it would seem to be the better practice that the purchaser ought not to have possession.

For the reasons stated, we think the judgment is right and should be affirmed, with costs.

BOCKES, J., concurred.

LEARNED, P. J.:

I concur in the result, but am not willing to say that confirmation of the report of sale is necessary to vest title in the purchaser. In the present case, I don't think there was any eviction or surrender which was valid.

Judgment affirmed with costs.