(6 Misc. Rep. 538.)

### CUMMINGS v. ROSENBERG.

(City Court of New York, General Term.    January 18, 1894.)

LEASE—TERMINATION—FORECLOSURE OF MORTGAGE.

Where leased premises are sold in foreclosure proceedings, and the decree provides that the purchaser shall be given possession on production of the referee's deed, the lessee is not obliged to demand from the purchaser the production of such deed before he can surrender the premises, and thereby determine his liability.

Appeal from trial term.

Action by James M. Cummings against Henry Rosenberg. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before FITZSIMONS, NEWBURGER, and McCARTHY, JJ.

Wolf, Kohn & Ullman, for appellant.
A. G. N. Vermilye, for respondent.

FITZSIMONS, J. The defendant rented, for the term of one year from May 1, 1892, premises No. 125 West 127th street, in this city, from the plaintiff. On December 13, 1892, after due proceedings, a decree was entered in a foreclosure action in which the plaintiff and defendant were defendants, and the demised premises the foreclosed premises. Said decree provided that the purchaser at the foreclosure sale be let into possession of the premises upon production of the referee's deed. The premises were sold, and the referee's deed delivered, February 17, 1893. The purchaser, through his agent, demanded and received the keys of said premises, the

same or next day, from defendant. The plaintiff commenced this action for the rent due for the months commencing November 1, 1892, and ending May 1, 1893, and judgment was rendered in his favor for the rent so claimed. Upon the delivery to him of the referee's deed, the grantee in said deed became the owner of the premises in question. The evidence shows that said purchaser demanded possession of said premises on February 18, 1893. Defendant surrendered them to him on that day by delivering up the keys. Therefore, there was a surrender and acceptance of the demised premises; consequently, a cancellation and termination of the lease mentioned. And, if it was not for the fact that the pleadings admitted that the rent was payable monthly in advance, the plaintiff would only be entitled to rent up to February 18, 1893; but, under the agreement to pay monthly in advance, the plaintiff is entitled to recover for the month of February, as well as January, 1893, and November and December, 1892. It was error for the trial justice to find that he was also entitled to rent for March and April, 1893. The judgment rendered must be accordingly reduced $140, being the amount of rent for said two months. The defendant was not required to demand from the purchaser a production of the referee's deed before he could surrender the premises. He had a right to do so, if he chose, upon the demand of the purchaser. Nor was it necessary that the report of the referee upon the foreclosure sale should have been confirmed. Such procedure would have been proper, but was not necessary. The judgment herein is reduced to $380, and interest thereon and costs, and allowances on said principal and interest of 5 per cent., and, as so modified, is affirmed, without costs. The pleadings are hereby amended so as to conform to the proof submitted. All concur.