(37 Misc. Rep. 499.)

### STURGES v. VAN ORDEN.

(Supreme Court, Appellate Term.   March, 1902.)

LANDLORD'S TITLE—ESTOPPEL TO DENY
> Where a person, being in possession of land, takes a lease of it from a third person, he is thereafter estopped from denying the title of his landlord.

Appeal from municipal court, borough of Manhattan.

Action by Ralph A. Sturges against John M. Van Orden. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

S. M. Hitchcock (Richard L. Sweezy, of counsel), for appellant.
Bowers & Sands (John M. Bowers, of counsel), for respondent.

GIEGERICH, J.   The appellant was a subtenant occupying a portion of the building of which his lessor had a long-term lease. The lessor mortgaged this leasehold interest, and, after foreclosure proceedings had been begun by the mortgagee, another lease of the same premises was made to the appellant, which lease was approved by a written indorsement thereon by the mortgagee, who had been vested by the mortgagor with plenary power to manage the property as agent. The appellant here was also made a defendant in that foreclosure action, but claims that the act of the mortgagee, which became the purchaser at the foreclosure sale, in affirming the sublease while the foreclosure was pending, subordinated its rights as mortgagee and purchaser to the appellant's rights under the lease so affirmed. The mortgagee, on the other hand, claims that the act was performed in its capacity as agent, and did not affect its rights under the foreclosure. It does not seem necessary, however, to discuss this and the many other questions raised in the briefs because of a single point that is fatal to the appellant's case. After the sale in foreclosure above referred to, the respondent, to whom the said mortgagee and purchaser had conveyed the leasehold estate, wrote to the appellant the following letter:

> "New York, November 8th, 1900.
>
> "Mr. John M. Van Orden, 921–923 Broadway, City—Dear Sir: I have demanded from you immediate possession of the premises occupied by you in 921 & 923 Broadway. If you wish to continue the occupation of the premises now occupied by you from the first day of November, 1900, to the first day of February, 1901, you may do so at a rental of $150 per month and for light, as at present. Kindly acquaint me at once with your decision.
>
>> "Yours truly,              Ralph A. Sturges,
>>                               "Per Many."

To which the defendant replied:

> "New York, November 9, 1900.
>
> "Ralph A. Sturges, Esq., 39 Cortlandt Street, City—Dear Sir: Being advised that my lease on part of the premises 921–923 Broadway, which expires January 31st, 1901, has been annulled by foreclosure proceedings, and accepting your offer of November 8, 1900, I inclose herewith my check for $150 for rent for the month of November, the receipt of which please acknowledge.
>
>> "Yours truly,                    J. M. Van Orden.
>> "P. S.  Send receipt to 923 Broadway.       J. M. V. O."

Rent for November and December, 1900, and January, 1901, was paid by the appellant to the respondent. On February 1, 1901, the respondent demanded possession of the premises from the appellant, and, upon the latter's refusal to comply, this proceeding to dispossess was begun. Under the circumstances above disclosed, the general principle that a tenant is estopped from denying his landlord's title controls the case. It is true that the appellant did not obtain possession from the landlord, but that circumstance does not affect the operation of the rule. In 18 Am. & Eng. Enc. Law (2d Ed.) p. 415, it is said:

"If a person already in possession of land takes a lease of it from a third person, or recognizes such third person as his landlord, the general rule is that he is afterwards estopped to deny such third person's title."

In Prevot v. Lawrence, 51 N. Y. 222, the court said:

"And it can make no difference that the tenant did not obtain the possession of the plaintiff. She was in possession, and, by virtue of the letting, remained in possession during the term. In Hall v. Butler, 10 Adol. & E. 204, N., having no title to certain premises, let them by parol, and the tenant went into possession and paid some rent. Afterwards another claimant, B., demanded the rent, and N., being satisfied with B.'s title, informed his tenant, in B.'s presence, that he had given up the premises to B., who was now the landlord, and that thenceforth the rent was to be paid to B. The tenant acquiesced, and paid B. part of the rent. It was held that this tenant could not dispute B.'s title. In Marlow v. Wiggins, 4 Adol. & E. (N. S.) 367, after the tenant had taken possession, and before the expiration of the term, the landlord died. Then the devisee of the landlord let the same premises to the tenant, and it was held, in ejectment against the tenant by the devisee, that he could not offer evidence that the devise was void, and that he was estopped from disputing the title of the devisee."

In Whalin v. White, 25 N. Y. 462, it was held that a tenant, by holding under, and paying rent to, successive assignees of the owner, is estopped from denying that they are assignees of his original lessor.

Holding the view we do on this point, it becomes unnecessary to consider any of the other grounds urged on the appeal. It results from the views above expressed that the final order should be affirmed, with costs.

Final order affirmed, with costs. All concur.