LULU MASON, Appellant, *v.* WILLIAM LENDEROTH, Respondent.

*Landlord and tenant — foreclosure of a mortgage on the demised premises — the covenant of quiet enjoyment only goes to the possession — the tenant must pay the rent until the "production of the referee's deed."*

Where premises covered by a mortgage are leased, the relations of the landlord and tenant are not affected by an action to foreclose such mortgage, until, at the earliest, the foreclosure sale and the delivery of the referee's deed to the purchaser.

The landlord is entitled to the rents accruing down to the period when the purchaser becomes entitled, under the decree of sale, to the possession of the premises, which, if the judgment contains the provision required by rule 61 of the General Rules of Practice, will be when the purchaser produces the referee's deed.

Mere apprehension of eviction, created in the tenant's mind by the judgment of foreclosure, is not legally sufficient to justify him in leaving the demised premises and in claiming damages for the breach of a covenant of quiet enjoyment contained in his lease.

The covenant of quiet enjoyment goes only to the possession and not to the title of the premises, and, in order that the tenant shall recover damages for the breach of such covenant, he must show an eviction or an actual ouster by a paramount lawful title.

Until the purchaser at a mortgage foreclosure sale produces the referee's deed, or, at least, until the deed is delivered, no paramount title can be asserted against the tenant or be recognized by him.

In the absence of proof to the contrary, it will be assumed that the judgment of foreclosure and sale contained the direction required by rule 61 of the General Rules of Practice, viz., " that the purchaser at such sale be let into possession of the premises on production of the deed."

APPEAL by the plaintiff, Lulu Mason, from a judgment of Municipal Court of the city of New York, borough of Richmond, in favor of the defendant, entered on the 21st day of May, 1903.

*John S. Wise, Jr.,* for the appellant.

*Aaron Morris,* for the respondent.

WOODWARD, J.:

During the month of September and until the 20th or 25th day of October, 1901, the defendant was occupying the plaintiff's premises as tenant under a written lease, by the terms of which he

agreed to pay the plaintiff the monthly rental of twenty-five dollars from May 1, 1901, to May 1, 1902. No rent was paid under the lease for the said months of September and October, and this action was brought to recover the amount alleged to be due for those months.

At the time the lease was executed and delivered there was a mortgage on the demised premises, and in June, 1901, an action was begun to foreclose this mortgage. The defendant, as lessee in possession of the mortgaged premises, was made a party defendant and duly served with the summons and notice of the object of the action. Judgment of foreclosure and sale was entered on October 7, 1901. On November 1, 1901, the property was sold pursuant to such judgment, and at some time thereafter the referee's deed was delivered to the purchaser. Meanwhile, and between October 20 and 25, 1901, the defendant voluntarily gave up possession and occupancy of the premises.

Upon this state of facts the defendant was awarded judgment against the plaintiff in this action for $100 damages and costs upon his counterclaim for damages alleged to have been sustained by reason, as is alleged, of the termination of the lease by the said judgment of foreclosure and sale.

There was no attempt to show actual eviction, and there could have been no constructive eviction in any event before the foreclosure sale and the delivery of the referee's deed to the purchaser. Until that time at the earliest the rights of the parties as landlord and tenant were not affected by the foreclosure action. (*Whalin* v. *White*, 25 N. Y. 462; *Mitchell* v. *Bartlett*, 51 id. 447; *Peck* v. *Knickerbocker Ice Co.*, 18 Hun, 183; *Cummings* v. *Rosenberg*, 6 Misc. Rep. 538; *O'Neill* v. *Morris*, 28 id. 613.) The owner of the equity of redemption in the lands mortgaged was entitled to the rents which became due down to the period when the purchaser became entitled under the decree of sale to the possession of the premises. (*Clason* v. *Corley*, 5 Sandf. 447.) If the judgment contained the proper provision this was "on production of the deed." (General Rules of Practice, rule 61; *Mitchell* v. *Bartlett, supra*.) But in no case could the time arrive before the date of the sale. The sale took place on November 1, 1901, and so far as the record shows the rent for the two preceding months had

then become due. There having been no eviction before the rent claimed by the plaintiff became due, judgment for the full amount demanded in the complaint was proper. (*Giles* v. *Comstock*, 4 N. Y. 270.)

The defendant, however, insists that he was compelled to and did vacate the premises by reason of the foreclosure action ; that he was thereby disturbed in the beneficial enjoyment of the premises, and there was, consequently, a breach by the plaintiff of the covenant for quiet enjoyment contained in the lease. The covenant was in these words : " And the said landlord doth covenant that the said tenant on paying the said monthly rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid."

The alleged breach of the covenant was, perhaps, a proper subject of counterclaim in this action (*Mayor* v. *Mabie*, 13 N. Y. 151), but the fact of eviction was not established within the requirements of the adjudicated cases. The defendant was bound to show an eviction or an actual ouster by a paramount lawful title. (*Parkinson* v. *Sherman*, 74 N. Y. 88, 93, and cases cited.) While an eviction may undoubtedly be worked without resort to physical force or legal process (*Home Life Ins. Co.* v. *Sherman*, 46 N. Y. 370), an examination of the record fails to show that the defendant yielded possession of the premises under any of the circumstances which the courts have held sufficient disturbance of quiet enjoyment to constitute eviction.

The covenant for quiet enjoyment goes only to the possession — not to the title. (*St. John* v. *Palmer*, 5 Hill, 599 ; *Fowler* v. *Poling*, 6 Barb. 165.) Mere apprehension of eviction created in a tenant's mind by a judgment of foreclosure under a mortgage prior to his lease, is not legally sufficient to warrant him in fleeing from the demised premises, and in claiming damages as in case of actual ouster. Change of title to the leased premises is not of itself necessarily inconsistent with a tenant's peaceable possession. No more than a bare transfer of title was shown at the trial of this action. It does not appear but that the defendant might have retained his possession unmolested until the expiration of his term. In a new action brought by the defendant against the plaintiff for breach of his covenant, it might, perhaps, be established that there

was an actual eviction or ouster of possession, but the record which is the sole guide for this court does not disclose the fact. Even if it be assumed that the title and right to possession were asserted against the defendant at the time the referee's deed was delivered to the purchaser, it is impossible to determine the amount of the defendant's damage, on the theory that the measure of damages is the value of the unexpired term less the rent reserved in the lease (*Mack* v. *Patchin*, 42 N. Y. 167), for the reason that it nowhere appears when the deed was delivered, and, therefore, the length of the unexpired term cannot be ascertained. Until the deed was delivered the title did not pass out of the defendant's lessor (*Mitchell* v. *Bartlett*, *supra*), and no paramount title could have been asserted against the defendant, or recognized by him.

For the purposes of this appeal it must be assumed that the judgment of foreclosure and sale was in the usual form (*Cowdrey* v. *Coit*, 44 N. Y. 382), and, therefore, that it contained the direction required by rule 61 of the General Rules of Practice; that is, " that the purchaser at such sale be let into possession of the premises on production of the deed." We are not informed that this provision was ever complied with, and so must conclude that no title paramount to his lessor's was at any time properly asserted against the defendant. The cases of *Mitchell* v. *Bartlett* (*supra*) and *Peck* v. *Knickerbocker Ice Co.* (*supra*) are controlling on this point.

Upon the whole case as presented in the record returned to this court, we believe the judgment should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.