THOMAS C. CAPONE, Plaintiff, *v.* HERMAN HINCK, Also Known as HERMAN HINCH, and Another, Defendants.

Municipal Court of New York, Borough of Queens, Sixth District, May 3, 1937.

■■■■■■

■■■■■■

■■■■■■

*Henry Albert*, for the plaintiff.

*Thomas H. Simmons*, for the defendants.

PETTE, J.   The plaintiff instituted this suit to recover the sum of $500 for damages, for the alleged breach of covenant of quiet enjoyment under a lease dated December 18, 1928.   The second cause of action for the return of $100 security was withdrawn upon the trial.

For all practical purposes this action was tried on an agreed statement of facts.

The principal question involved herein is whether or not the defendant Hinck, as an original lessor, is liable to the plaintiff herein, the original lessee, on a covenant of quiet enjoyment contained in the lease.   In May, 1936, the holder of the first mortgage instituted foreclosure proceedings, naming as parties defendants the plaintiff Capone, defendant Hinck and others.   It is the contention of the plaintiff that the defendant Hinck is liable to him for the aforesaid damages for breach of the covenant because of the fact that he requested said defendant to defend the foreclosure suit to protect the interests of the plaintiff under the lease and that said defendant refused to do so.   Thereupon the plaintiff claims that he was obligated to retain the services of his present attorney to defend the foreclosure.

It is important to note that the foreclosure proceeding never reached its final stage of actual sale and the execution and delivery of the referee's deed.   The foreclosure suit was settled by the payment to the plaintiff of a consideration from the defendant Hinck, in return for which the plaintiff herein surrendered the aforementioned lease between himself and Hinck.   The mortgage under foreclosure was not the mortgage on the premises at the time of the execution of the lease, and the defendant Hinck had never subordinated thereto, although the plaintiff Capone had.

Under the foregoing facts, the court is presented with a pure question of law, which it decides in favor of the defendant Hinck and against the plaintiff, dismissing the complaint, for the following reasons:

The plaintiff made no attempt to show actual eviction, and there could have been no constructive eviction in any event before the foreclosure sale and the delivery of the referee's deed to the purchaser. Until that time, at the earliest, the rights of the parties, Capone, plaintiff tenant herein, and Hinck, defendant lessor, were not affected by the foreclosure action. (*Mason* v. *Lenderoth*, 88 App. Div. 38; *Whalin* v. *White*, 25 N. Y. 462; *Mitchell* v. *Bartlett*, 51 id. 447; *Cummings* v. *Rosenberg*, 6 Misc. 538; *O'Neill* v. *Morris*, 28 id. 613.) The conceded facts show conclusively that there never was an actual sale; consequently there never was a constructive eviction by paramount title. The plaintiff herein in order to establish his cause of action and alleged damage for breach of the covenant of quiet enjoyment, was bound to show either an actual eviction, or constructive eviction within the requirements of the adjudicated cases. (*Parkinson* v. *Sherman*, 74 N. Y. 88, 93, and cases cited.)

The covenant for quiet enjoyment goes only to the possession — not to the title. (*St. John* v. *Palmer*, 5 Hill, 599; *Fowler* v. *Poling*, 6 Barb. 165.) *Mere apprehension of eviction created in a tenant's mind by a judgment of foreclosure under a mortgage prior to his lease, is not legally sufficient to warrant him in fleeing from the demised premises, and in claiming damages as in case of actual ouster.* (*Mason* v. *Lenderoth*, *supra*.)

Change of title to the leased premises is not of itself necessarily inconsistent with a tenant's peaceable possession. No more than a bare transfer of title was shown under the facts herein. Until the deed was delivered, the title did not pass out of the plaintiff's lessor or his successors in interest, and no paramount title could have been asserted against the plaintiff lessee, or should have been recognized by him. (*Mitchell* v. *Bartlett*, 51 N. Y. 447.)

In *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 289) the Court of Appeals said: " As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of a judgment of foreclosure and sale constitute such an eviction. The sale may never occur. The amount due may be paid by the obligors. The plaintiff may repent. *Until the sale actually takes place the tenant remains liable to his landlord on his contract.*"

A mortgage is only a lien on the mortgaged real property. Title remains in the mortgagor and those claiming under or through the mortgagor until the lien is foreclosed. Foreclosure of the lien does not take place upon the commencement of a foreclosure action, but upon a sale under the judgment of foreclosure.

Until the lien of the mortgage is foreclosed, the mortgagee has no paramount title which would justify eviction of the occupants or abrogation of the agreements. (*Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205.)

The rule of law applicable to the facts before this court was stated in *Mead* v. *Stackpole* (40 Hun, 473, at p. 476): " There cannot be a constructive eviction without abandonment of possession. * * * There is an actual eviction when the grantee is dispossessed by process of law. There is a constructive eviction when he yields possession to a title which is actually paramount. There is neither actual nor constructive eviction while he continues in possession. And without an eviction, actual or constructive, there can be no recovery on a covenant of warranty or of quiet enjoyment." (*Stanton* v. *Conley*, 244 App. Div. 84.)

In *Knickerbocker Oil Corp.* v. *Richfield Oil Corp.* (259 N. Y. 657) the Court of Appeals ruled that, where the tenant is made a party to the foreclosure action, it is the sale, bringing about a change of title, that causes the eviction, and that *before the sale occurs, the commencement of the foreclosure action involves no breach of the rental contract.*

The contention of the plaintiff is not supported by the law in this State. The case of *Paddell* v. *Janes* (90 Misc. 146), cited by said plaintiff, does not change the situation. The covenant in the said *Paddell* case is of unusual construction and provides that the tenant shall " peaceably and quietly have, hold and enjoy the said demised premises *without any manner of let, suit, trouble or hindrance of or from the said party of the first part or any person whatsoever.*" The language of the covenant contained in the lease in the instant case is not similar to the foregoing clause.

Judgment is hereby directed, dismissing the complaint herein on the merits.