40h 473
50ad122

JAMES T. MEAD, APPELLANT, *v.* STEPHEN STACKPOLE, RESPONDENT.

*Covenants of warranty and quiet enjoyment — no action will lie thereon unless there has been an eviction, actual or constructive.*

June 2, 1873, the plaintiff conveyed to the defendant 150 acres of lot 161, Refugee tract, by a deed containing a covenant of warranty, and on September 9, 1873, he conveyed to him 266 acres, more or less, of the same lot by a deed containing the same covenant, and on November 24, 1874, he conveyed to him, by a quit-claim deed, all of the lot, except fifty-two acres. By a deed, dated October 2, 1880, the comptroller of the State conveyed the whole of lot No. 161 to one Palmer, pursuant to a sale made in October, 1877, for unpaid taxes accruing prior to 1871.

The defendant testified that on November 9, 1880, while he was in possession of all the lot, except fifty acres which he did not own, a notice to redeem was served upon him, and that pursuant thereto he did, on January 21, 1881, redeem the whole lot by paying the sum of $362.12.

In this action, brought by the plaintiff against the defendant to recover the purchase-price of a horse, the latter sought to set up as a counter-claim a breach of the covenant of warranty occasioned by the said tax sale and the payment of the amount required to redeem the land therefrom.

*Held,* that as no eviction, actual or constructive, was proved, no cause of action for a breach of the covenant of warranty was shown.

Without an eviction, actual or constructive, there can be no recovery on a covenant of warranty or of quiet enjoyment.

There is an actual eviction where the grantee is dispossessed by process of law.

There is a constructive eviction when he yields possession to a title which is actually paramount, but there cannot be a constructive eviction without an abandonment of the possession of the premises.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court at the Clinton Circuit.

*H. S. Hoff,* for the appellant.

*Beckwith, Barnard & Wheeler,* for the respondent.

LEARNED, P. J.:

The plaintiff sued for the purchase-price of a horse. The only question in the case is on defendant's counter-claim. He claims that plaintiff owes him on a breach of covenant of warranty of quiet possession of land. The learned justice directed a verdict for defendant, and the plaintiff appeals.

Defendant proved a deed from plaintiff to defendant June 2, 1873, of 150 acres of lot 161, Refugee tract, with such covenant; a deed from plaintiff to defendant, September 9, 1873, of 266 acres, more or less, of the same lot, with same covenant; a quit-claim from plaintiff to defendant, November 24, 1874, of all of the lot except fifty-two acres. Defendant proved a comptroller's deed, October 2, 1880, to George W. Palmer and another, of the whole of lot 161, made by virtue of a sale in October, 1877, for unpaid taxes prior to 1871, the lot being therein described as containing 420 acres. The defendant testified that in November, 1880, he was in possession of the whole lot, except fifty acres, which he did not own; that, after receiving the notice (the statutory notice to redeem, which had been served November 9, 1880), he redeemed by paying, January 21, 1881, the sum of $362.12, paying the tax on the whole lot and redeeming the whole lot.

The plaintiff testified that he was, and for sixteen years had been, in occupation of fifty-two acres of lot 161, and the fact was conceded that he was an occupant. He testified also that no notice had been served on him to redeem.

The defendant's first point is, that independently of any eviction or covenant, defendant was entitled to recover of plaintiff the amount he had paid, under sections 57, 58, 59 of chapter 427, Laws 1855. He says that plaintiff and defendant were tenants in common. That is incorrect so far as we can see from the case. They seem to have held separate parcels. Again, under section 57, assuming that it applied, the defendants could only recover the ratable proportion paid by defendant for the tax on plaintiff's fifty-two acres. On the contrary, what defendant has recovered in this action, by way of set-off, is the tax on his own land. By section 53 he might have redeemed his specific part of the land. Of course the only ground on which he can recover that is on the covenant. That brings up the second point; was the plaintiff liable under 1 Revised Statutes (m. p. 419, § 4)? This gives a right of action to any occupant or tenant who has been obliged to pay a tax, to recover the same against any person who, by agreement or otherwise, ought to have paid it. We do not think that that statute is applicable. There is no evidence that these taxes were assessed against plaintiff. All that is proved is that they were taxes prior to 1871. Who

owned the land at that time does not appear, nor has the plaintiff agreed to pay the taxes or become liable to pay them, unless such agreement can be found in the covenant of warranty of quiet enjoyment.

This, then, brings us to the third and main point. Was there a breach of the covenant? If there was a breach then plaintiff was liable on his covenant. If there was no breach then the covenant cannot have been an agreement to pay the tax. That is, if plaintiff is not liable on his covenant, then certainly the covenant was not broken by his mere failure to pay, and therefore it was not an agreement to pay.

On the question of what is sometimes called equitable eviction, it is noticeable that the case of *Hunt* v. *Amidon* (4 Hill, 345), often referred to, was not an action on a covenant but was an action on the common money counts. And the opinion of the court states that it was doubtful whether an action could be maintained on the covenant without actual eviction. The decision was by the chancellor and the senate, contrary to the opinion of the Supreme Court. (1 Hill, 147.) If that case be carefully examined it will be seen that the circumstances were peculiar. Amidon had indemnified Wheeler, the obligor, against the bond. If Taylor, the owner of the bond and mortgage, had sued Wheeler on his bond, Amidon would have had to pay. Amidon could not thereupon have enforced the mortgage, in order to reimburse himself. When Taylor then foreclosed instead of suing the bond, the court held the same equity, of money paid to the use of Amidon, justified a recovery by Hunt. If the case be cited to sustain the idea that there can be any eviction without disturbance of possession, it is overruled by *Boreel* v. *Lawton* (90 N. Y., 293), and many other cases.

In the case of *Cowdrey* v. *Coit* (44 N. Y., 382) the grantee purchased on the foreclosure of a prior mortgage, assigned his bid to a third person, and surrendered possession to that third person on his receiving the deed from the officer making the sale, so that there was an actual surrender of possession to one having a paramount title.

A lawful eviction or disturbance of possession must be shown to support an action on such a covenant (*St. John* v. *Palmer*, 5 Hill, 599; *Greenvault* v. *Davis*, 4 id., 643), though it is enough if the grantee voluntarily yields possession to one having a paramount.

title; but the grantee then assumes the burden of proving that the title was paramount. There cannot be a *constructive* eviction without *abandonment* of *possession*. (*Boreel* v. *Lawton*, 90 N. Y., 293; *Edgerton* v. *Page*, 20 id., 281). There is an *actual* eviction when the grantee is dispossessed by process of law. There is a *constructive* eviction when he yields possession to a title which is actually paramount. There is neither actual nor constructive eviction while he continues in possession. And without an eviction, actual or constructive, there can be no recovery on a covenant of warranty or of quiet enjoyment. *There* lies the distinction between those covenants and a covenant against incumbrances. We are referred to no case where a plaintiff has recovered on a covenant of warranty or of quiet enjoyment, merely on the fact that he has redeemed the premises by the payment of money. That is all that the defendant did. No one ever had an indefeasible and paramount title to this land, because there was a six months' right to redeem. The expression in section 63 (chap. 427 of 1855), that the conveyance shall vest in the grantee an absolute estate in fee simple cannot prevent us from recognizing the right to redeem given by section 68, in the case of occupied lands, and the further provision of section 73, that on proof of service of notice, etc., the conveyance shall *thereupon* become absolute.

There is a further question made by the plaintiff, viz., that, as no notice was ever served on him, the occupant of a part of the lot, the right of redemption has never been cut off. We do not think it necessary to decide that. The present case is like that of *McCoy* v. *Lord* (19 Barb., 18). The only difference is that in that case the plaintiff redeemed the lands on the last day of the two years' time for redemption; in this case the defendant redeemed the lands within the additional six months given by the subsequent section. We are of the opinion that there was no eviction proved; that no cause of action arose for a breach of the covenant.

The judgment is reversed, new trial granted, costs to abide event.

BOCKES and LANDON, JJ., concurred.

Judgment reversed, new trial granted. costs to abide event.