MARY STURMER, Respondent, v. JOSEPH B. HOLDEN, Appellant.

Fourth Department, December 23, 1925.

**Deeds — action to recover on covenant of quiet enjoyment — at time of deed by defendant to plaintiff, property was subject to local assessments — plaintiff deeded property to third person, deducting from purchase price amount of assessments — action can be maintained only where purchaser has been evicted — payment of assessments was voluntary and does not amount to constructive eviction.**

A purchaser of real property can recover on a covenant of quiet enjoyment only where he has been evicted either actually or constructively.

Accordingly, in this action to recover on a covenant of quiet enjoyment, in which it appears that at the time defendant conveyed the property in question to the plaintiff it was subject to local assessments, the plaintiff cannot recover after she has conveyed the property to a third person on the theory that a deduction by her from the purchase price of the amount of the local assessments which were voluntarily paid by the purchaser constituted a constructive eviction.

APPEAL by the defendant, Joseph B. Holden, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 8th day of December, 1924, upon the decision of the court rendered after a trial before the court at the Onondaga Trial Term, a jury having been waived.

*Harry A. Dunsmoor*, for the appellant.

*Frank Hopkins*, for the respondent.

SEARS, J. On the 24th day of November, 1919, the defendant (together with his wife) conveyed to the plaintiff certain premises in the city of Syracuse by deed which contained the statutory covenants of quiet enjoyment and warranty. At the time of the execution of this deed the premises conveyed were subject to a local assessment which was payable in installments. On the 5th day of January, 1921, the plaintiff for a consideration of $6,500 conveyed the premises to a person not a party to this lawsuit, by a deed which also contained a covenant of warranty. When this latter conveyance was made the sum of $87.88 was deducted from the purchase price because of the outstanding local assessment, and after the conveyance of the property by the plaintiff the subsequent owners of the property paid to the city of Syracuse two installments of the local assessment. Neither deed mentioned the assessment, although each conveyance was made expressly subject to a mortgage held by the Syracuse Savings Bank which the grantee in each deed assumed. The plaintiff has recovered a judgment against

the defendant upon the covenants in defendant's deed to plaintiff for the amount of the local assessment with interest.

It is essential for a plaintiff suing upon the covenant either of warranty or of quiet enjoyment to prove an eviction, actual or constructive. (*Scriver* v. *Smith*, 100 N. Y. 471; *Rea* v. *Minkler*, 5 Lans. 196; *Eller* v. *Moore*, 48 App. Div. 403; *Matter of O'Donnell*, 240 N. Y. 99; *Fowler* v. *Poling*, 6 Barb. 165.) It is obvious that there was no actual eviction here. A constructive eviction is all that is claimed. But a constructive eviction occurs only when an occupant submits by valid attornment to a claim by title paramount. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) In such case the occupant, though continuing in possession, ceases to hold under the subordinate title and begins a new holding under the paramount title. " ' The new tenancy thus constituted though popularly spoken of as a continuing tenancy ' is ' in fact a new contract and a new demise.' " (*Matter of O'Donnell, supra,* quoting from *Oakley* v. *Monck*, L. R. 1 Exch. 159, 164.) In the instant case nothing of the kind occurred. Had there been a covenant against incumbrances the outstanding local assessment would have given rise to a cause of action, at least for nominal damages, as soon as the conveyance with the covenant was delivered. And upon paying the assessment the grantee could recover the amount so paid. (*McGuckin* v. *Milbank*, 152 N. Y. 297.) The distinction between covenants of warranty and quiet enjoyment on the one hand and against incumbrances on the other lies principally, if not entirely, in the fact that the former are not breached without eviction while in the case of the latter an eviction is not a necessary element in a cause of action for its breach.

The deduction of the amount of this assessment from the purchase price at the time of the sale of the property by the plaintiff was not an eviction and was not even a voluntary payment of the tax, for the assessment still continued outstanding and might ultimately be discharged by the defendant himself. Even considering the payment of two installments by the subsequent owner as accruing to the benefit of the plaintiff because of the deduction of the amount of the assessment from the purchase price upon the sale by the plaintiff still such payment was voluntary and did not amount to an eviction. (*Mead* v. *Stackpole*, 40 Hun, 473; *McCoy* v. *Lord*, 19 Barb. 18.) In each of the cases last cited the facts were far stronger in favor of the plaintiff than in the present case for in each case there had been a sale of the property under a tax and the property was redeemed by the covenantee during the period allowed for that purpose, yet even then the payment was held to be voluntary and not to amount to a constructive eviction.

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Certain findings disapproved and reversed, and new findings made.

Finding of fact numbered " Seventh " reversed and disapproved; finding of fact numbered " Ninth " reversed and disapproved, and the following finding made in place thereof, " *Ninth.* When plaintiff sold said premises to Julius Knaul, the amount of the outstanding tax or local assessment was deducted from the purchase price; " finding numbered " Tenth " modified by striking out the words " ten annual; " finding numbered " Eleventh " reversed and disapproved, and the following finding made in place thereof: " *Eleventh.* Since the conveyance to said Knaul, the owners of said premises have paid to the city of Syracuse two installments of such tax; " finding " Twelfth " modified by striking out the words " upon being compelled to pay the amount of said tax lien to said Julius Knaul " and inserting in place thereof, " after the conveyance to said Julius Knaul; " conclusions of law " Second," " Third " and " Fourth " reversed and disapproved, and a conclusion of law made as follows: " The defendant is entitled to judgment against the plaintiff dismissing the plaintiff's complaint, with costs."

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment reversed on the law and facts and complaint dismissed, with costs. Certain findings disapproved and reversed and new findings made.