LINNA E. STANTON, Respondent, *v.* LOWIENA J. CONLEY, Appellant.

Fourth Department, March 13, 1935.

*Joseph A. Dunn* [*Arthur R. Conley* of counsel], for the appellant.

*Elton M. Dale,* for the respondent.

LEWIS, J. Plaintiff's action rests upon an alleged breach by the defendant of the statutory covenants of quiet enjoyment and of warranty.

On March 2, 1927, defendant conveyed to plaintiff a parcel of improved real property in the village of Kenmore, Erie county, N. Y., subject to the lien of two mortgages. Arrangements made preliminary to the conveyancing had contemplated an adjustment of taxes, mortgage interest and insurance as of the date of closing. After plaintiff entered into possession she learned for the first time that the county taxes for 1925 and village taxes for 1924 and 1925 remained unpaid. Upon defendant's failure to comply with her demand to pay all past due taxes, and while she was still in possession of the premises, plaintiff paid the county tax for 1925, and later paid the village taxes for 1924 and 1925 upon which suit was threatened. She sues to recover the amounts so paid, basing her

demand upon her deed from defendant which contained the usual covenants of quiet enjoyment and of warranty in forms prescribed by subdivisions 2 and 5 of section 253 of the Real Property Law.

The rule is one of long standing that, lacking proof of eviction, actual or constructive, there can be no recovery of taxes paid by a grantee, where the action is based upon covenants of quiet enjoyment and of warranty. (*McCoy* v. *Lord*, 19 Barb. 18; *Mead* v. *Stackpole*, 40 Hun, 473; *Scriver* v. *Smith*, 100 N. Y. 471; *Matter of O'Donnell*, 240 id. 99; *Sturmer* v. *Holden*, 215 App. Div. 33. Cf. Rawle on Law of Covenants for Title [5th ed.], §§ 96, 131, 150; 4 Thompson Real Prop. §§ 3532, 3535.)

Concededly the record before us indicates no actual eviction. The question is whether there was a constructive eviction which affords plaintiff a basis for this action.

Upon that subject the proof is that, while the unpaid village taxes of 1924 and 1925 were a lien against the property and were past due, plaintiff paid them before any legal action was commenced for their collection. As to the unpaid county tax of 1925 the record is deficient in proof of facts which the plaintiff would invoke. In the brief which has been filed the argument of plaintiff, as respondent before us, proceeds in part upon the assumption there is proof of record that prior to the conveyancing the property involved was sold for non-payment of the county tax and that a tax certificate upon such sale had been issued to Manuel Faust. We find no proof of such facts. The only evidence in that regard is that subsequent to plaintiff's possession under the deed a demand was made upon her by Manuel Faust for the payment of the 1925 county tax which was thereafter paid by the plaintiff on March 30, 1931, in " the exact amount that was due on that tax on the date of payment." The identity of Manuel Faust is not made known to us; there is no proof that he was the purchaser at a tax sale; in fact there is no evidence that the property was ever sold for the non-payment of taxes.

The rule of law applicable to the facts before us was stated in *Mead* v. *Stackpole* (*supra*, at p. 476): " There cannot be a constructive eviction without abandonment of possession. * * * There is an actual eviction when the grantee is dispossessed by process of law. There is a constructive eviction when he yields possession to a title which is actually paramount. There is neither actual nor constructive eviction while he continues in possession. And without an eviction, actual or constructive, there can be no recovery on a covenant of warranty or of quiet enjoyment. There lies the distinction between those covenants and a covenant against incumbrances. We are referred to no case where a plaintiff has

recovered on a covenant of warranty or of quiet enjoyment, merely on the fact that he has redeemed the premises by the payment of money."

Testing the record by this rule, it is clear that, before plaintiff made the payments which she now seeks to recover, she had not been evicted from the premises by process of law; nor did she yield possession to a title which was actually paramount to her own. Her payment was voluntary and as such affords her no right of recovery upon defendant's covenants of quiet enjoyment and of warranty.

In the negotiations leading up to plaintiff's purchase of the property she was free to choose the form of conveyance which she would accept and which was best suited to protect her interests under the conditions then prevailing. She could have demanded a covenant against incumbrances (Real Prop. Law, § 253, subd. 3); instead she was satisfied with the covenants to which has long applied the rule of law which now defeats her recovery.

In view of plaintiff's present position, a statement by Presiding Justice SEARS, then an associate justice of this court, writing in *Sturmer* v. *Holden* (*supra*), is apt (p. 34): "Had there been a covenant against incumbrances the outstanding local assessment would have given rise to a cause of action, at least for nominal damages, as soon as the conveyance with the covenant was delivered. And upon paying the assessment the grantee could recover the amount so paid. (*McGuckin* v. *Milbank*, 152 N. Y. 297.) The distinction between covenants of warranty and quiet enjoyment on the one hand and against incumbrances on the other lies principally, if not entirely, in the fact that the former are not breached without eviction, while in the case of the latter an eviction is not a necessary element in a cause of action for its breach."

The judgment of the Supreme Court and of the City Court of Buffalo should be reversed on the law and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law, with costs in all courts to the appellant, and complaint dismissed, with costs.