Nicholas M. Pette, J.
This is a motion by the defendants John and Grace Desiderio to dismiss for legal insufficiency the first cause of action — the only one of nine in which they are charged.
According to the complaint the movants leased to defendant Carvel Stores Realty Corporation a parcel which they owned on U. S. Route 15 in South Williamsport, Pennsylvania, for a term of 15 years and 4 months commencing on July 23, 1953; that pursuant to the terms of the written lease they constructed, at their own expense, a Carvel Dari-Freeze store, which later came to be known as Carvel Store No. 183, in accordance with plans and specifications prepared and submitted by said defendant, which approved and accepted said structure when it was completed; that in the lease the movants represented that they had title to the parcel of land upon which the foregoing structure was later erected, and agreed that the lease could be assigned only to franchised operators of the defendant Carvel Stores of Pennsylvania, Inc., and that the lessee may sublet to a franchised operator all or any part of the leased premises for the entire or a portion of the term.
On February 2, 1954, the plaintiffs executed a franchise contract with defendant Carvel Stores of Pennsylvania, Inc., covering said Carvel Store No. 183 and on the same date the defendant Carvel Stores Realty Corporation, as assignor, and plaintiffs, as assignees, executed an assignment and assumption agreement of the dominant lease, dated July 23, 1953. The plaintiffs entered into possession of said store on April 4, 1954 and remained in possession thereof through October 31, 1955 paying the rent, however, to the movants for the 23 months from and including April, 1954 through and including February, 1956 at the rate of $275 per month, or a total of $6,325, in addition to taxes amounting to $106.37. Commencing with the month *661 of December, 1954 and through and including February, 1956 plaintiffs allege that they paid such rent under protest and that prior to the commencement of this action they “ rescinded their purchase, contract for purchase, lease agreement, franchise agreement, and all other agreements, contracts or purchases and arrangements,” made by them with the defendants Carvel by written notice to said defendants, dated March 28, 1956.
It is further alleged that said Carvel Store Ho. 183 erected on the movants’ property as aforesaid encroached on property belonging to the Commonwealth of Pennsylvania, and that the completed structure together with its various appurtenances and uses continued to encroach on land belonging to said Commonwealth from February 2, 1954 through and including March 4, 1957 and that as a result of such encroachment title to said store, its appurtenances and uses was unmarketable for the aforesaid period. Plaintiffs also charge that on July 1, 1955 the Commonwealth of Pennsylvania instituted an action against the movants to compel them to remove the encroachments of said Carvel Store Ho. 183 and that by a decree, dated March 4, 1957, entered upon the consent of the movants, the Court of Common Pleas, Lycoming County, State of Pennsylvania, directed them within 90 days to remove from the highway right of way of the Commonwealth of Pennsylvania a certain advertising device and telephone booth as well as the foundation or support for the same; that decree further directed that the movants ‘ ‘ shall, within 60 days following September 30, 1958, remove from the refreshment stand structure * * * the portion or portions of the roof thereof which encroach upon the highway right-of-way of the Commonwealth of Pennsylvania, as well as any other portion or portions thereof encroaching upon said right-of-way as defined in the complaint of the plaintiff.”
So far as the moving defendants are concerned, it is the theory of plaintiffs’ complaint that by causing Carvel Store Ho. 183 to encroach on property belonging to the Commonwealth of Pennsylvania, these defendants violated and breached their lease, dated July 23, 1953, later assigned to the plaintiffs, in that the representation made by them therein that they were the title owners of the premises was false; and that as a result of said encroachment plaintiffs, as assignees-lessees could not and did not quietly enjoy said premises. Consequently, they seek judgment from the movants for the return of the rent and taxes paid by them, totaling $6,431.37.
It is well settled that: “ A covenant for quiet enjoyment ‘ can be broken only by an eviction, actual or constructive ’ ”. (Mat *662 ter of O’Donnell, 240 N. Y. 99, 104.) Where an actual eviction takes place there is, of course, no question but that the covenant is thereby broken. Where, however, the eviction is constructive, no breach of covenant for quiet enjoyment can occur without a surrender of the premises. (Matter of O’Donnell, supra; Two Rector St. Corp. v. Rein, 226 App. Div. 73.) According to the leading authority on this subject (Scriver v. Smith, 100 N. Y. 471, 477), the foregoing rule “ has its foundation in the reason that the covenantee, who has obtained possession, should not be permitted to recover for breach of the covenant for a mere failure or defect of title, so long as he is left in possession, as he may never be disturbed and thus never suffer damage. ’ ’ According to the complaint in the case at bar the plaintiffs vacated the premises on October 31, 1955, and paid rent until February, 1956. They rescinded their purchase, lease agreement and franchise agreement by notice to the defendant Carvel, dated March 28, 1956, and the alleged consent decree was not entered until March 4, 1957, almost a year and a half after the plaintiffs had vacated the premises. Obviously there was no actual eviction in this case. As was stated in Stanton v. Conley (244 App. Div. 84, 85) by citation from Mead v. Stackpole (40 Hun 473, 476): “ ‘ There is an actual eviction when the grantee is dispossessed by process of law. There is a constructive eviction when he yields possession to a title which is actually paramount. There is neither actual nor constructive eviction while he continues in possession. And without an eviction, actual or constructive, there can be no recovery on a covenant of warranty or of quiet enjoyment.’ ”
It is true that in Scriver v. Smith (supra, p. 477) the Court of Appeals held that ‘ ‘ where there is an outstanding title to an easement in the premises conveyed, which materially impairs the value of the premises and interferes with the use and possession of some portions thereof, the covenant is broken although there is not a technical physical ouster from the actual possession of any portion thereof. [Citing cases.] ” The challenged cause of action, however, contains no facts from which it may even be inferred that the encroachments, the removal of which was consented to by the movants in the March 4, 1957 decree, interfered with the use and possession of any portion of the premises involved so as to amount to a “ technical physical ouster from the actual possession of any portion thereof.” (Schriver v. Smith, supra.)
Accordingly the first cause of action is dismissed as against the movants with leave to plead over alleging facts that the encroachments, the removal of which were consented to in the *663 decree of March 4, 1957, interfered with the plaintiffs’ use and possession of any portion of the premises involved for which they paid rent and taxes. Settle order.