HEUSER v. ANTONIUS et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—INTERVENTION BY PERSONS IN POSSESSION—PROPRIETY.
  The right accorded "a person in possession or claiming possession of the premises, or a part thereof," by Code Civ. Proc. § 2244, to answer and defend in a summary proceeding, is confined to those persons in possession described in sections 2231, 2232–2237, as those against whom the action may be maintained, and does not warrant an answer by entire strangers to the proceedings.

Appeal from Municipal Court, Borough of Manhattan.

Summary proceedings by Henry Heuser against Johann H. Antonius, in which Edith Antonius and others sought leave to answer and defend. From a final order awarding possession of the premises to the landlord, interveners appeal. Dismissed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Edward S. Griffing, for appellants.

Adolph Bloch (Wm. L. Mathot, of counsel), for respondent.

FREEDMAN, P. J. The proceeding was brought by Henry Heuser, as landlord and owner in fee simple of the premises in suit, against his tenant for nonpayment of rent. The tenant defaulted upon the return of the precept, at which time three strangers to the proceeding, to wit, Lillie Antonius, Edith Antonius, and Edward Antonius, appeared, and against the objection of the landlord filed an answer in which they attacked the landlord's title, set up no superior title in themselves, and pleaded that they were tenants by operation of law, without stating the facts whereon the tenancy was based. They did not aver any privity with the tenant. They admitted, by their counsel in open court, a hiring from this landlord by Johann H. Antonius, this tenant, and the nonpayment of rent.

The parties who sought to answer, and now bring this appeal, base their right to intervene upon that provision of section 2244 of the Code of Civil Procedure which authorizes "a person in possession or claiming possession of the premises, or a part thereof," to interpose an answer and defend in a summary proceeding. That sentence, however, has no application, and cannot be invoked by an entire stranger to the proceedings. Summary proceedings are statutory, and the right to institute them is contained in title 2, c. 17, Code Civ. Proc. Sections 2231–2233 and 2237 enumerate the cases in which summary proceedings may be brought. Section 2237 refers to bawdy houses, and need not be referred to here, for the reason that the proceedings there contemplated do not have to be brought by any person interested in the property. Section 2231 provides for the removal of a party in possession under a conventional or contractual agreement of hiring. Section 2232 provides for the removal of a person who holds over (1) where property has been sold by virtue of execution, etc.; (2) where property has been sold upon foreclosure; (3) where the de-

fendant holds property under an agreement to occupy and cultivate it upon shares; and (4) squatters. Section 2233 refers to cases of forcible entry and detainer.

We find, therefore, that summary proceedings may be maintained not only against a tenant, but in certain cases against a person in possession as well. Section 2244, which is the only section which provides for the joinder of issue upon the return of the precept, in enumerating those who might appear and file a verified answer, in its use of the words, "or any person in possession or claiming possession of the premises or a part thereof," had in view only those persons described in sections 2231, 2232, and 2237, and, as these appellants are not embraced in any of those sections or their subdivisions, it follows that the refusal of the trial judge to permit the filing of an answer by the appellants was clearly right.

If these appellants have a superior title, the warrant has no effect as to them, as they are not parties to these proceedings, and were never served, and the final order herein has no effect upon their rights.

Appeal dismissed, with $10 costs and disbursements. All concur.