(62 Misc. Rep. 495.)

### ERKINS v. TUCKER et al. (JACKSON, Intervener).

(Supreme Court, Appellate Term. March 5, 1909.)

1. COURTS (§ 189\*)—MUNICIPAL COURT OF NEW YORK—POWERS—INTERPLEADER.
In a summary proceeding in the Municipal Court by a landlord for nonpayment of rent, the tenant cannot plead that a third person claims the rent and that the tenant is willing to deposit the amount due upon dis-

charge from liability; Municipal Court Act (Laws 1902, p. 1546, c. 580) § 187, providing that one sued on contract or for a chattel may have substituted as a party a third person who makes a demand upon him, not applying to summary proceedings, and the court having no power to substitute another party as a defendant in such proceedings, except as provided by Code Civ. Proc. § 2244, though it would be a defense that the landlord had assigned the lease to one who became entitled to the rent.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—PAYMENT OF RENT —EFFECT.

No further proceedings could be had in a summary proceeding by a landlord for nonpayment of rent after the tenants paid the rent into court, and no final order could be granted; the remedy to remove the tenant, provided by Code Civ. Proc. § 2231, being intended to place the landlord in a position to compel payments or be restored to possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 298.*]

3. LANDLORD AND TENANT (§ 301*)—SUMMARY PROCEEDINGS—INTERVENTION.

Under Code Civ. Proc. § 2244, allowing one in possession or claiming possession of premises involved in summary proceedings to answer, one claiming rents under an assignment by the landlord as collateral security cannot intervene in a proceeding by the landlord against the tenant for nonpayment of rent, where he is not and has never been in possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 301.*]

4. COURTS (§ 188*)—NEW YORK MUNICIPAL COURT—EQUITY JURISDICTION.

The New York Municipal Court has no equity jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Henry Erkins, landlord, against John Tucker and another, tenants; Marie L. Jackson intervening From a final order in favor of the landlord, Jackson appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Merle I. St. John, for appellant.

Edwin R. Root, for respondents.

GILDERSLEEVE, P. J. The respondent is the owner of certain premises occupied by the tenants, Tucker and Vincent, under a five-year written lease from January 1, 1908; the rent reserved being $100 per month, payable in advance. On June 1, 1908, the tenants defaulted in the payment of the rent, and the respondent instituted summary proceedings to recover possession of the premises. The precept was returnable on June 15, 1908. On the return day the tenants appeared and filed an affidavit, made by one Carpenter, in which he set forth that the tenant, Tucker & Vincent, was a domestic corporation of which he was vice president; that the said tenants had not paid the rent aforesaid, but were ready and willing to do so "to the person or persons entitled thereto"; that the respondent claimed to be entitled thereto, and also that one Marie L. Jackson claimed to be entitled to said rent; that said tenants had no interest in the respective claims, which were made without collusion with them; and that said tenants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

115 N.Y.S.—17

were ready and willing to deposit the amount of rent "upon discharge from liability to either claimant." The tenants thereupon paid into court the amount of rent and costs. At the same time Marie L. Jackson, styling herself an "intervener," filed a so-called answer to the petition of the respondent, in which, after a denial of all the allegations of the petition, except the allegation of hiring by the respondent to said tenants, she averred, in substance, that on February 13, 1908, the respondent, in writing, assigned the lease, and other leases, made between himself and said tenants to her, which assignment contained this clause:

"And I further constitute the said Marie L. Jackson my attorney in fact to enter into possession of said premises, and in my name or otherwise to collect the rents due under said lease, and in my name or otherwise to institute legal proceedings to recover the rents due and unpaid. This assignment is given as collateral security for the faithful performance of the covenants contained in a bond and mortgage, all bearing even date herewith, executed by Henry M. Erkins and Mary P. Erkins, and is to become void upon the faithful performance of all of said covenants."

She also alleged that said mortgage was to become due February 13, 1909; that she had caused a demand for the said June rent to be made upon Tucker and Vincent, tenants. She then set up the same statement of facts as a counterclaim, and asked that the petition be dismissed, with costs, and that judgment be rendered awarding her possession of the premises, and adjudging that she, as assignee, be entitled to said $100 and all rents until the payment of her mortgage, or that the tenants be authorized to remain in possession of said premises, upon payment by them to the clerk of the court of all rent, and that the clerk be directed to deposit all of said rent with some trust company to await the maturity of said mortgage, and, if said mortgage be not paid, to apply said rent to its payment. This answer was received and filed by the court, and a motion made to strike it out was denied, and the case set down for trial on June 29, 1908. On the last-named day the attorney for the respondent and the attorney for the so-called "intervener" appeared, and upon a second motion being made to strike out the answer the court reserved its decision, and upon July 1st granted said motion and entered a final order in favor of the respondent, who thereupon obtained the amount of the rent aforesaid. The so-called "intervener" appeals.

It may first be remarked that there is no authority in the Municipal Court act (Laws 1902, p. 1486, c. 580) under which the tenants had a right to pursue the course taken by them. Section 187 of that act provides that a defendant, against whom an action to recover "upon contract or an action to recover a chattel" is pending, may, before answer, upon proof by affidavit that a person not a party to the action makes a demand upon him, and "upon notice to that person," apply for an order to substitute that person, etc. This is the only section under which an interpleader is permitted, and applies only to actions upon contract or to recover a chattel. It is not applicable to summary proceedings. If, by reason of the assignment of the lease by the respondent to Jackson, she became entitled to the rent to the exclusion of the rights of Erkins, the respondent, that would have been a de-

fense to the respondent's attempt to dispossess the tenants; but there exists no power in the Municipal Court to substitute another party as a defendant in summary proceedings, except as provided for in section 2244 of the Code, even upon notice, of which no proof appears in this case.

It may also be observed that, when the tenants paid the amount of rent into court, no further proceedings could be had therein, and no final order could be granted. "The remedy provided by section 2231 of the Code of Civil Procedure is intended to place the landlord in a position to compel payments of his rent or be restored to the possession of his premises, and when the proceeding has resulted in either of these ends it has accomplished all the Legislature intended." Flewellin v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919; Asbyll v. Haims, 38 Misc. Rep. 578, 78 N. Y. Supp. 64. The payment by the tenants of the rent into court was a voluntary payment by them. It inured to the benefit of the landlord, and became his the moment it was so paid to the clerk, and the proceedings should then have been dismissed. Whatever right thereto the so-called "intervener" had must be determined in another action. She was not one of the parties to whom the right is accorded, under section 2244 of the Code, of interposing an answer in a summary proceeding. Heuser v. Antonius (Sup.) 84 N. Y. Supp. 580. She was not, and never had been, in possession of the demised premises, and she is praying for the trial of equitable issues, which is beyond the jurisdiction of the Municipal Court to grant, as that court has no equity powers.

Appeal dismissed, with $10 costs.

MacLEAN, J., concurs.

DAYTON, J. I concur. The assignment of the rents is in terms as collateral. The debt is not due. There is no claim of default on the part of Erkins, the mortgagor, nor that the intervener has attempted any right to possess the premises.