Domenica Dhembi (Formerly Domenica Carameta), as Administratrix, etc., of Vasile Carameta, Deceased, Plaintiff, v. Thomas Carameta and Others, Defendants.

Supreme Court, New York County, February 6, 1925.

Partnership — receiver — motion to vacate order appointing receiver in action for accounting of partnership property — order restrained defendants from interfering with partnership property — plaintiff's claim of attempt to defraud her of interest in partnership property is sufficient to warrant appointment of receiver — order appointing receiver properly granted.

Defendant's motion to vacate an order appointing a receiver in an action for an accounting of partnership property should be denied, where the evidence discloses that the acts of some of the defendants were illegal and questionable and sustains plaintiff's claim of an attempt to defraud her of her rights in the partnership property.

Moreover, defendant's claim that the order was improvidently granted, on the ground that it did not comply with the provisions of the Civil Practice Act, in that it restrained the defendants from interfering with the assets in possession of the receiver without reciting the grounds on which the injunction was granted, and provided for the appointment of the receiver without security, is untenable, for the reason that the order was made in the exercise of the inherent power of the court to protect its receiver and the funds in his hands, and is not a creature of the Civil Practice Act.

Motion by defendants to vacate order appointing a receiver in an action for an accounting of partnership property, and motion by plaintiff to resettle the order for the purpose of naming a new receiver, the receiver named in the original order having tendered his resignation.

*Reuben Dorfman,* for the plaintiff.

*Theodore Arnold,* for the defendants Carameta, Levison and Bleecker.

*Michael H. O'Brien,* for the defendant Babu.

Davis, J.:

This action is brought primarily for an accounting of partnership property. For some time prior to February 23, 1923, a partnership existed between Vasile Carameta, now deceased, and Thomas Carameta and Anthanas Babu for the purpose of conducting a restaurant and lunch room in the city of New York. There is no dispute about the partnership. The partnership agreement is in writing. On February 23, 1923, Vasile Carameta died and the copartnership thus was dissolved on that day. Thereafter and on January 9, 1925, letters of administration upon the estate of said

deceased were issued to the plaintiff in this action, who duly qualified and is now acting as such administratrix. This action was commenced on January 15, 1925, by the service of a summons and complaint and an order to show cause why a receiver should not be appointed of the partnership property, and why the defendants should not be restrained from interfering with the assets of the firm. Each of the three partners had a one-third interest in the business. It appears that after the death of Vasile Carameta the defendants Thomas Carmeta and Anthanas Babu, the surviving members of the copartnership, carried on such business until September 25, 1924, and thereafter Thomas Carameta carried on the business until January 7, 1925. There has never been any accounting of the partnership assets. On September 25, 1924, as shown by the affidavit of Anthanas Babu, he withdrew as one of the surviving partners and sold to Thomas Carameta his one-third interest in a lease, hereinafter referred to, for the sum of $5,400 — $500 in cash and the balance in twenty-five promissory notes of $200 each, made by Thomas Carameta, who also gave at such time to Babu a chattel mortgage on the lease above referred to as a further and better security for the payment of said notes. None of the said notes has been paid. Thereafter an action was brought to recover on said notes, which action is now pending. The defendant Babu joins in his application for receiver, claiming that he was induced by the false and fraudulent statements of Carameta and Bleecker to sell his interest in the partnership as aforesaid. It also appears that on September 25, 1924, Thomas Carameta also executed two other chattel mortgages, one to the defendant George Levison for the sum of $3,500 and the other to the defendant Bleecker for the sum of $1,600. Levison, in his affidavit used on this motion, states that on September 24, 1924, he loaned Thomas Carameta the sum of $3,500 for the purpose of enabling him to continue the operation of the restaurant in question, having known said Carameta for a number of years. The loan he states was made after an investigation of the matter by Levison. Levison states that Thomas Carameta agreed to pay such loan in installments of $200 per month, evidenced by promissory notes commencing the 1st day of December, 1924, with interest at six per cent, and as security for said loan Carameta executed and delivered to Levison a chattel mortgage upon the goods and chattels in the said restaurant contained, and executed to Levison a sublease terminating March 30, 1925. Said Levison further states that he agreed to permit Carameta to continue in possession of the leased premises as Levison's tenant at a graduated rental basis from December 1, 1924, at the rate of $350 per month, the

sum of $350 being intended to include the payment of each promissory note, respectively; that thereafter, on or about December 21, 1924, and January 21, 1925, Carameta defaulted in the payment of the rental due from him for the use of said premises, to wit, $700 for two months, and did not pay any part thereof except the sum of $150; that thereafter Levison in summary proceedings in the Municipal Court obtained a warrant granting him the possession of the premises. Bleecker, in his affidavit used on this motion, states that he is an attorney and counselor at law practicing in New York city; that he has known for many years Thomas Carameta and his brother Vasile Carameta, now deceased; that on April 21, 1922, Vasile Carameta, now deceased, secured a lease of the store and basement of premises in question; that thereafter, and on or about August 4, 1922, the said Vasile Carameta, having decided to open a restaurant business together with his brother Thomas Carameta in the said premises, requested that Bleecker advance them a sum of money to help them in effectuating that purpose; that Bleecker did so, and obtained two promissory notes dated August 4, 1922, each in the sum of $500, with interest at the rate of six per cent, made by both of the said parties, and as security for the payment of the said promissory notes Bleecker obtained from the said Vasile Carameta an assignment of the aforementioned lease. No part of the said sum of $1,000 has yet been repaid, and the aforesaid promissory notes and assignment of lease are still in Bleecker's possession; that thereafter Bleecker made further advances to assist the said Vasile Carameta and Thomas Carameta in their business, and on September 25, 1924, there was due to Bleecker the sum of $1,600. As further security to Bleecker for the payment of said moneys the said Thomas Carameta executed a chattel mortgage in that amount, which said chattel mortgage was duly filed in the office of the register of the county of New York on the 11th day of October, 1924. Without going into further details, the plaintiff charges that Thomas Carameta obtained in his own name an extension of the lease until 1934; that Thomas Carameta unlawfully refused after demand to make any accounting of the partnership property after the death of his brother, Vasile Carameta, and has unlawfully carried on the said business since February 23, 1923, without an attempt to wind up the partnership affairs, and that many of the alleged loans and chattel mortgages were illegally made so far as they affected property of the original copartnership, and they were made with full knowledge of the condition of affairs by the other defendants in conjunction with Thomas Carameta for the purpose of defrauding the plaintiff out of her interest in the copartnership. Upon the

motion on the order to show cause an order was made appointing a receiver upon filing a bond in the sum of $5,000, with the usual powers and duties, of all the partnership property, assets and effects of every description, heretofore belonging to the partnership, heretofore formed between Thomas Carameta, Anthanas Babu and Vasile Carameta, and all other property, assets and effects that came into the possession or control of the said Thomas Carameta and Anthanas Babu, surviving partners of the late firm, and that said receiver after he shall have duly qualified shall proceed forthwith to take possession of said partnership property, and continue to carry on said business for a reasonable time and until he is able to sell the same as a going business, with the good will thereunto belonging, leases and all other property to said business belonging, and the parties hereto are and each of them is hereby directed to deliver to said receiver all of the partnership property, books, accounts, leases, papers, vouchers and all other papers and effects under their possession or control; and said receiver is hereby authorized and directed to sell said business at public or private sale as he shall deem most advantageous for the interest of the parties; to recover and collect and reduce to money the property, claims, demands, bills, accounts and all rights in action of said partnership of the said Thomas Carameta, as surviving partner thereof, and to retain such proceeds subject to the further order of the court; and that the defendants above named and each of them, their agents, servants and employees be and they hereby are enjoined and restrained from in any manner interfering with or disposing of the partnership property; and that the defendants Anthanas Babu, George Levison and Leon Bleecker, and each of them, their agents, servants and employees, be and they hereby are enjoined and restrained from in any manner attempting to enforce the payment of the sums alleged to be due to them respectively under certain instruments purporting to be mortgages upon the goods, chattels and fixtures of the said partnership, which chattels and fixtures were situated at premises No. 405 Eighth avenue, borough of Manhattan, city of New York, all of which instruments are dated the 25th day of September, 1924; or from enforcing any rights under lease or leases affecting said premises or under any action brought or now pending in any court arising from or under the said copartnership or from enforcing the final order in summary proceedings obtained by the said George Levison against the surviving partner, Thomas Carameta, in the Municipal Court of the city of New York, borough of Manhattan, third district. The defendants Levison and Bleecker have moved to vacate and set aside the injunction order (meaning the clause in the order

Supreme Court, February, 1925. [Vol. 124

appointing receiver, staying said defendants from enforcing their alleged claims, chattel mortgages and dispossess writ against the property of the copartnership placed in the hands of the receiver by such order) on the ground that the affidavits upon which the said order was granted were insufficient to confer jurisdiction to make such order, and on the further ground that the said order is defective in that: (a) The said order does not recite the ground or grounds on which the injunction therein was granted as provided by section 821 of the Civil Practice Act. (b) The said order does not require plaintiff to give security to the defendants George Levison and Leon Bleecker, enjoined and restrained by said order as required by section 819, and article 52, sections 884 to 895 inclusive, of the Civil Practice Act. The plaintiff has moved to resettle the order for the purpose of naming a new receiver — the receiver named in the original order having tendered his resignation — and also to provide for a bond in case the court deems such necessary for the granting of so much of the order as stays the defendants from interfering with property of the copartnership in the possession of the receiver. Assuming the facts to be as claimed by the defendants the acts of the surviving partners in carrying on the business in the manner in which they did after the dissolution of the copartnership on February 23, 1923, by the death of Vasile Carameta, without an accounting of the property of the original copartnership, and the making of the settlement by Thomas Carameta and the defendant Babu on the alleged retirement of Babu, without a prior accounting of the original partnership and the giving of the chattel mortgages to Babu and the defendants Levison and Bleecker were illegal and were not binding upon the property of the original copartnership. (*Stem* v. *Warren,* 227 N. Y. 538; *Russell* v. *McCall,* 141 id. 437; Partnership Law, §§ 64, 66.) There is no question that the defendants were familiar with the entire circumstances in this case. There is no question that they knew that Vasile Carameta had died in 1923 and that the copartnership was then dissolved by his death. There is no question but that Levison and Bleecker knew that Thomas Carameta was practically carrying on the business for himself. Neither Thomas Carameta nor the defendant Babu had any legal right to deal with the property of the original copartnership as they did nearly two years after its dissolution. All these facts are claimed to substantiate the plaintiff's assertion that there was an attempt to defraud the plaintiff of her rights in the property of the copartnership. The court has appointed a receiver of the copartnership property. The receiver must be protected in order to preserve the property of the copartnership. The claims of the various defendants can all be

adjusted in this action without the institution of a multiplicity of suits and increased costs and expenses. Whatever claims the defendants may have against the copartnership property can be determined and adjusted in this action. If the chattel mortgages are illegal as a matter of law so far as they affect the partnership property the defendants are not injured, as they would have no cause of action to foreclose them as against the partnership property. The defendant Thomas Carameta had no legal right to assign the lease, and, therefore, any warrant obtained in the summary proceedings would not affect the copartnership rights in such lease. If Thomas Carameta individually made these chattel mortgages and assigned the lease they would not affect the copartnership property, because he was not the owner thereof and had no legal right to so dispose of such property. The provisions of the order staying the various acts therein mentioned do not relate to matters other than those affecting the partnership. Unless the possession by the court of the partnership property through its receiver is protected the appointment of a receiver is useless. The determination in summary proceedings that Levison was the landlord of Thomas Carameta under the lease in question and the warrant of dispossess issued therein are not binding upon the copartnership nor the receiver. Thomas Carameta having no legal authority to assign the lease to Levison, such assignment did not bind the copartnership property, which included this lease. Whatever arrangements it is claimed Carameta made with Levison, as landlord and tenant, did not bind the copartnership. The summary proceedings against Thomas Carameta did not bind the copartnership property. The copartnership was not a party to the summary proceedings, and the final order made therein has no effect on the partnership property or the copartnership rights. The summary proceedings and the final order and warrant are only effective and binding upon those parties mentioned in the petition and precept, or their agents or employees, and did not affect the copartnership rights, as Thomas Carameta had no legal authority to assign or make the lease or represent the copartnership in such proceedings. (*Heuser* v. *Antonius*, 84 N. Y. Supp. 580.) The plaintiff is not seeking to stay execution of the warrant of dispossess as against Thomas Carameta, but this court is endeavoring to protect its receiver from being dispossessed from the premises leased for partnership purposes, under proceedings which from the fact admitted by both the alleged landlord and tenant are absolutely void as to the property with which the receiver is concerned. The receiver in this action holds the property for the benefit of all the parties to this action. The order appointing the receiver, so

far as it prevents the defendants in this action from interfering with the assets in possession of the receiver, was properly made. Such provision was but a necessary incident to the receiver's appointment. Such a provision is not an injunction proper covered by the provisions of the Civil Practice Act. It is an order made in the exercise of the inherent power of the court to protect its receiver and the funds in his hands and is not a creature of the Civil Practice Act. It is not an injunction under the Civil Practice Act, but an order staying the proceedings of parties to this action. It forbids all interference with the property which the court through its receiver holds for the benefit of all the parties to this action. It is not an application for an injunction proper and, therefore, no security is required beyond the $5,000 bond which the receiver was directed to file before entering upon the discharge of his duties. (*Wilkinson* v. *North River Const. Co.,* 66 How. Pr. 423; *Phœnix Foundry* v. *North River Const. Co.,* 33 Hun, 156; *Woerishoffer* v. *North River Const. Co.,* 99 N. Y. 398.) Either these defendants are creditors of the copartnership or not. If creditors of the copartnership, their claims are protected by the appointment of the receiver. If they are not creditors of the copartnership, they are not in any way injured by the stay granted in the order made in this action. The motion to vacate the order is in all respects denied, and the motion to resettle the order is granted as indicated in the proposed order submitted on notice.

Submit new order on application to resettle.