New York Life Insurance Company, Plaintiff, *v.* Edward Rosen and Another, Defendants.

Supreme Court, New York County, November —, 1928.

*Louis H. Cooke*, for the plaintiff.

*Abraham H. Sarasohn*, for the defendants.

Valente, J.   Plaintiff brought an action on July 16, 1928, to cancel the reinstatement of a policy of life insurance in the sum of $5,000 issued June 25, 1925, on the life of defendant Edward Rosen, with defendant Samuel Rosen as beneficiary.   The policy, which contained the usual two-year incontestability clause, lapsed for non-payment of the premiums due on December 25, 1926; and on February 8, 1927, pursuant to the reinstatement provision of the policy, the insured made an application for reinstatement of the policy, in which he represented that within twenty-four months prior to such application he had not been ill or consulted any physician.   Relying upon the truth of such statement plaintiff reinstated the policy.   Thereafter it discovered that the statement as to prior good health was false, and it now seeks to set the policy aside.

Defendants interposed an affirmative defense to the effect that the application for reinstatement was not attached to or indorsed

upon the policy, alleging that under section 58 of the Insurance Law this lack deprives the plaintiff of the right to avoid the policy on the ground of the misrepresentations in the reinstatement application not so attached or indorsed. Plaintiff now moves to strike out the defense on the ground that it is insufficient in law. The disposition of the motion depends upon the construction of section 58 of the Insurance Law, which reads: " Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; * * *."

In *Archer* v. *Equitable Life Assurance Society* (218 N. Y. 18) this provision was construed as requiring warranties of the insurer made as an inducement for the issue of a policy to be incorporated in or attached to such policy, and a failure in this respect barred the insurer from taking advantage of the falsity of such warranty. But plaintiff contends that the requirement of the statute is limited to the issue of the original policy and does not apply to reinstatements. The point has not been adjudicated in this State, and in other jurisdictions where it has been raised there is a conflict of authority.

In *Goodwin* v. *Provident Savings Life Assur. Assn.* (97 Iowa, 226) it was held that the application for reinstatement must be attached to the policy just as the original application was required to be. But this holding is not decisive because it involved the construction of a statute which specifically included both the issue and the reinstatement, requiring a true copy of the application to be attached to the policy at the time of the original issue, and upon reinstatement a true copy of all representations made to be attached to the renewal receipt. (Code of Iowa, § 8772.)

In *Linder* v. *Metropolitan Life Ins. Co.* (148 Tenn. 236) the court construed a similar statute to apply only to the original policy and not to reinstatements. That statute read as follows; " Every policy of insurance issued to or for the benefit of any citizen or resident of this State * *, * shall contain the entire contract of insurance between the parties to said contract * * *." (Shannon's Annotated Code of Tennessee, § 3275a 1.) Section 3348a 8, paragraph 4, of the same statute provides that no statement of the insured shall avoid the policy unless it is contained in a written application and a copy of such application indorsed upon or attached to the policy when issued.

In arriving at its conclusion the court held (p. 244) that the statutes " only relate to the issuance of original policies. This interpretation is made clear by the very language of the statutes themselves. *No reference whatsoever is made to the renewal or reinstatement of policies which have been issued.* So, following the well-established rule of construction, these statutes must be construed as applying only to matters with which they deal in express terms." (Italics mine.) Nor is there any reference to reinstatement in any other sections of the Tennessee insurance statutes.

In view of the fact that section 101 of the Insurance Law (added by Laws of 1909, chap. 301, as amd. by Laws of 1927, chap. 472) of this State requires a reinstatement clause as one of the standard provisions of the policy, the reasoning of the Tennessee court does not squarely apply. Nor are the decisions in *State Mut. Life Ins. Co.* v. *Rosenberry* (213 S. W. [Tex.] 242) and *Wastun* v. *Lincoln Nat. Life Ins. Co.* (12 F. [2d] 422) entirely helpful. The former construed the Texas statute and the latter the Indiana statute. Both actions involved the validity of provisions in reinstatement conditions not attached to the policies, whereby the company restored them in force. The conditions were that notes of the insured for the arrears in premiums were accepted and the insurance was continued in force until the date of their maturity. If not paid then the policies were to lapse. The insured died after the lapse of the policies due to the non-payment of the notes at maturity. In actions on the policies the plaintiffs sought to avoid the effect of non-payment by relying upon the failure of the insurers to attach the conditions of the reinstatement to the policies. In both cases it was held that the statutes required such attachment only on an issue of an original policy, but not on a reinstatement. It is to be observed, however, that these cases deal virtually with non-payment of premiums and not with warranties in an application for reinstatement. It might well be argued that the companies reinstated the policies provisionally subject to the performance of a condition subsequent, and that the failure to pay the notes justified a refusal to reinstate permanently. In any event the distinction in those cases between original issues and reinstatements must be held dictum in so far as it is sought to apply it to warranties made by the insured upon reinstatement.

In *Metropolitan Life Ins. Co.* v. *Burch* (39 App. D. C. 397) the Court of Appeals of the District of Columbia held that the requirement that an application be annexed to the policy applied to a reinstatement as well as to an original issue. The case involved the construction of section 657 of the District of Columbia Code, reading as follows: " Each life insurance company * * * shall

deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application."

In construing the clause the court said (at p. 405): " The purpose of the provision is that the insured shall be furnished with a copy of the application, upon the representations in which the validity of the policy and its binding force may be made to depend. The rule of public policy, defined, applies with equal force to an application which renews the original policy, and amounts to a new contract of insurance embracing the terms of the original, but dating from the time of the renewal. The effect of the new contract, evidenced by the terms of the original one and the renewal application, is dependent upon the truthfulness of the representations made in the renewal application."

This reasoning, based upon public policy, is in accord with the exposition in *Archer* v. *Equitable Life Assurance Society* (*supra*). While the latter does not deal with a reinstatement policy, it strongly presents in the following words conditions which led to the remedial legislation requiring the application to be made a part of the policy: " A third condition existed, * * * namely, the warranties and representations made by persons insured, in the process of issuing the policy, might be and frequently were, as we may judicially know, retained continuously and exclusively by the insurers. The insured persons neither had nor received duplicates or copies. They had not incentive or opportunity, from having their statements before them, through incorporation in the policy, to examine and correct any errors in them arising through mistake, carelessness, ignorance or fraud, or to terminate the policy. Frequently they or their beneficiaries became first conscious of the errors, after payment of the premiums or dues through a period of years, when they were alleged by the insurers, in avoidance of the obligations to pay the sums insured. We have concluded that the Legislature intended to remove and has removed by the section this condition * * *."

Why does not the same reasoning apply to the application for reinstatement? If reinstatement were an act of grace of the company and not provided by statute the situation might be different. In that event the rule in *Linder* v. *Metropolitan Life Ins. Co.* (*supra*) would apply, and the strict rule followed, that section 58 deals only with such matters as are dealt with in express terms. But reinstatement is made a matter of right within three years of lapse, upon compliance with certain conditions precedent.

(Ins. Law § 101.) Therefore, we must use the principle of construction set forth in the *Archer* case (at p. 25): " The section is remedial. It modifies rules of the common law. The law is, that in determining whether or not a statute abrogates or modifies a rule of the common law, the construction of the statute must be strict; when, however, a remedial statute does replace in whole or in part common-law rules, it must be given an application, liberal and, within its language, commensurate with its purpose."

The mischief described by the Court of Appeals prior to the adoption of the Insurance Law of 1906, which that statute was designed to remedy, exists equally in respect of a reinstatement of a policy as in respect of an original issue; and a liberal construction of section 58 is justified by the fact that the legislative purpose included the subject of reinstatement within its express scope in section 101. In a certain sense there are even more cogent reasons for requiring the application for a revival of the policy to be annexed to the instrument than exist in the case of the original contract. Without a copy of the reinstatement application before him, the insured might be led into a sense of false security by a reading of the two-year incontestability clause in the original policy, and thus assuming that the effect of any erroneous statements in the first application had disappeared. With the reminder of the representations in the reinstatement application before him he would frequently be in a position to remedy or at least alleviate the situation either by correcting his application and possibly obtain a renewed reinstatement on the basis of a rated age, or by making a new application for insurance with another medical examination, or else by obtaining the cash surrender value of his policy. It might be urged that one having received recent medical treatment would have difficulty in obtaining reinstatement. On the other hand, this fact would frequently be no bar. With the false statements in his reinstatement application not brought to his mind on his subsequent inspection of his policy, the position of his beneficiaries is hopelessly compromised by his erroneous statements, the situation created by which he is unable to remedy before it is too late.

The case of *Holden* v. *Metropolitan Life Ins. Co.* (188 Mass. 212), which holds that a revival application need not be annexed to the policy, is not authority to the contrary. That decision was based upon Massachusetts Revised Laws (chap. 118, § 73), which provides that: " Every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the

policy or received in evidence." This statute did not require the policy to contain a copy of the application, unless the contract referred to it. If it did, a correct copy of the application had to be attached. A policy which was reinstated would not, as a rule, contain " a reference to the application " for reinstatement; consequently it could not require a correct copy of the reinstatement application to be attached. The Massachusetts statute is thus distinguished in *Metropolitan Life Ins. Co.* v. *Burch* (*supra*) from the District of Columbia statute, and it is similarly distinguishable from the New York statute, which is even more emphatic than the District of Columbia statute.

Nor does the requirement that reinstatement applications be attached to the policy impose practical hardships upon the insurance companies. It is no more difficult for them to require the production of the policies for this purpose than for change of the beneficiary or for purposes of loans.

The motion to dismiss the affirmative defense is denied, with ten dollars costs.