Loring M. Hewen Co., Inc., Agent for Court Square Building, Inc., Landlord, *v.* Harry Malter and Others, Tenants.

Municipal Court of New York, Borough of Manhattan, First District, November 28, 1932.

*Leslie Lester*, for the landlord.

*Saul A. Spero*, for the tenants.

Lewis, David C., J. By instrument dated the 17th day of December, 1931, the landlord entered into a lease in writing with the tenants, Malter, Smith and Weiss, for a term of two years, commencing the 1st day of May, 1932. Subsequently, an action was instituted to foreclose a mortgage of the premises. On June 20, 1932, a receiver of the rents, issues and profits was duly appointed in said action, and such receiver duly qualified.

On October 3, 1932, the receivership was vacated and, apparently, the landlord herein again became vested with his full and complete rights in the premises and under the lease.

During the administration of the receiver, rents became due and payable, by virtue of the lease, on the first days of July, August, September and October. These rents were not paid, and it would seem no proceedings or actions were ever instituted by the receiver to collect the same. Upon the vacation of the receivership and on or about the 26th day of October, 1932, these proceedings were instituted by the landlord after demand, and upon the non-payment of the said rents for the months of July to October, inclusive. The tenant contests the right of the landlord to maintain these proceedings on the ground that, at the time the rents became due under the lease, the premises were in the custody of the receiver;

that the receiver alone had the right to collect them, and to maintain summary proceedings, and that, upon the discontinuance of said receivership, this landlord did not become vested with the right to maintain these proceedings for the non-payment of such rent.

The appointment of the receiver did not destroy nor terminate the relationship of landlord and tenant between the owner (the mortgagor) and his tenant, nor did it give the receiver absolute and unqualified title to the rents.

" As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease, in which he is made a defendant, nor the entry of judgment of foreclosure and sale, constitute such an eviction. * * * Until the sale actually takes place the tenant remains liable to his landlord." (*Metropolitan Life Ins. Co.* v. *Childs*, 230 N. Y. 285, at p. 289.)

" What was practically accomplished was to make the plaintiff receiver of the rents, with much of the same powers as would have been possessed by a receiver appointed by the court. As we construe the instrument in question, it did not obtain an absolute title to such rents as it might collect. It held them in trust to satisfy any deficiency that might arise on the foreclosure sale. Any surplus necessarily would be returned to the Robinsons. The latter were still owners of the property. The Childs Company was still their tenant." (*Metropolitan Life Ins. Co.* v. *Childs, supra,* 288.)

The conclusion is inevitable that the right to maintain summary proceedings upon a lease, in conjunction with the occupancy of the premises, was never lost. The statute gave the receiver such right during his administration, as an aid to the enforcement of the subsisting lease between the owner of the property and the tenant.

What rights were given to the receiver were given as an aid to the enforcement of this lease, not in diminution or destruction of the owner's rights, but rather in protection and preservation of them. Can the tenant contend that the right to employ summary proceedings was waived?

The receiver did nothing inconsistent with the maintenance of this right and the position of the tenant has in no way been changed by any act of the receiver. Hence, upon the face of the case, we can see neither the features of waiver nor estoppel.

The receiver is now out of the picture and a legal view of the situation presents a focus of the owner as the landlord and the lessee and sublessee as tenants and undertenants, holding under the original hiring, with no outstanding right or interest to the rents in any third person.

In the construction of the statute providing these proceedings one should be guided by the object of the law.

" The remedy provided by section 2231 of the Code of Civil Procedure is intended to place the landlord in a position to compel payment of his rent or be restored to possession of his premises, and when the proceeding has resulted in either of these ends it has accomplished all the Legislature intended." (*Erkins* v. *Tucker*, 62 Misc. 495, at p. 498.)

And I take it that, when the Legislature amended the statute so as to extend this remedy to a " receiver of a landlord " (Civ. Prac. Act, § 1414, subd. 8),* it acted in further fulfillment of the original object of the statute. The landlord refers to an early decision of Judge McADAM in support of his contention. (*Ottinger* v. *Prince,* McAdam Land. & Ten. [3d ed.] p. 14.)

Our Appellate Term in *810 West End Avenue, Inc.,* v. *Frankel* (133 Misc. 338) definitely disapproves this decision.

Final order granted in favor of the landlord.

Ten days' stay.

---

* Subd. 8 added by Laws of 1932, chap. 304.