PAULINE LYNCH, Plaintiff, *v.* W. KENNETH HARRER, Defendant.

City Court of Tonawanda, January 9, 1933.

*J. Theodore Moses*, for the plaintiff.

*Clark B. Bassett*, for the defendant.

HACKETT, J. This is an action in which the plaintiff seeks to recover the sum of thirty-five dollars alleged to be owing by defendant for rent of certain premises located in the city of Tonawanda, N. Y., for the month of October, 1932. Defendant has appeared and answered, and in his answer has set up several separate defenses which need not be herein discussed, with exception of the separate defenses hereafter referred to.

The parties have seen fit to appear, after issue joined, and to request the opinion of this court at this time upon the issue raised by the defendant's second and third defenses, it being agreed that the determination of the issue raised by these defenses in favor of defendant will properly result in a dismissal of plaintiff's complaint. In his said second defense defendant alleges in substance that on or about September 2, 1932, the County Court of Erie county, N. Y., in an action of foreclosure pending in that court against the plaintiff, defendant and defendant's wife, upon the complaint of Meyers Lumber Company, Inc., made an order appointing one Howard C. Meyers receiver of the premises referred to in plaintiff's complaint in this instant action, that said order enjoined and restrained the defendant in this instant action from any rent to plaintiff, her agents, servants or attorneys, enjoined and restrained her from collecting or receiving any rents or in any manner interfering with the property or its possession; that a copy of this order was served on plaintiff on or about September 3, 1932, and a like copy was served on the defendant herein on the same date. In this third defense to this action the defendant alleges that on September 12, 1932, the defendant herein surrendered possession of the premises for which plaintiff herein seeks to recover rent to said receiver, paid said receiver in consideration of acceptance of such surrender the sum of seventy dollars; that said receiver accepted such surrender from defendant; that said receiver thereafter in turn surrendered the premises to the plaintiff, who then had knowledge of such surrender to said receiver

by defendant; and that the plaintiff herein is "estopped from collecting or attempting to collect rents from the defendant for the said premises."

In order that the issues thus raised by these separate defenses may be determined, the parties have stipulated the following facts: That the plaintiff herein was and is the owner of certain premises described as No. 535 Morgan street in the city of Tonawanda, N. Y. Prior to February 1, 1932, the plaintiff executed a bond and mortgage to Meyers Lumber Company, Inc., which mortgage was duly recorded and became a lien and incumbrance upon the premises, and which mortgage contained usual receivership clause. Thereafter, and on or about February 1, 1932, plaintiff, as landlord, and defendant, as tenant, entered into a certain written lease whereby plaintiff leased, and defendant rented, the said premises for a term of two years commencing February 1, 1932, and ending February 1, 1934, at a yearly rental of $420, payable in equal monthly payments of $35 each in advance. This lease was entered into after the execution, recording and delivery of such mortgage, and, of course, was subject thereto. Defendant entered into the possession of the premises under said lease, and was so in the possession thereof at the time of the commencement of the foreclosure action hereafter referred to. Subsequent to February 1, 1932, and prior to September 2, 1932, the plaintiff herein defaulted on said mortgage aforesaid, and the mortgagee, Meyers Lumber Company, Inc., commenced an action of foreclosure in the Erie County Court for the foreclosure of such mortgage in which the plaintiff herein, the mortgagor, and the defendant herein, the tenant, and his wife were made parties defendants. In this foreclosure action said County Court, on the application of said mortgagee, did on September 2, 1932, make an order appointing one Howard C. Meyers receiver. This order was made *ex parte* on said mortgagee's application, and, among other things, appointed the said Meyers receiver "with the usual powers and directions * * * of all of the rents and profits now due and unpaid, or to become due pending this action, and issuing from the mortgaged premises mentioned in the complaint in this action," provided for receiver's bond, directed the receiver "to demand, collect and receive from the tenant or tenants in possession of said premises, or other persons liable therefor, all the rents thereof, now due and unpaid, or hereafter to become due," provided that "tenants in possession of such premises, and such other persons as may be in possession thereof, do, and they hereby are, directed to attorn as such tenant or tenants to said Receiver, and until the further order of this Court, to pay over to such Receiver all rents of such premises now due and unpaid, or that may hereafter become due," enjoined and restrained "all

tenants of the premises and all other persons liable for such rents" from " paying any rent for such premises to the defendants, their agents, servants or attorneys," authorized the receiver to " institute and carry on all legal proceedings necessary for protection of the premises described in the complaint, or referred to in this order, including such proceedings as may be necessary to recover possession of the whole or any part of said premises and to institute and prosecute suits for the collection of rents now due or hereafter to become due on the aforesaid premises, or any part thereof, and to institute and prosecute summary proceedings for the removal of any tenant or tenants, or other persons therefrom " and to " rent or lease as may be necessary, for terms not exceeding one year any of the said premises, to keep the premises insured against loss of damage by fire, and in repair, and to pay the taxes, assessments and water rates upon the said premises," etc. This order also contained this provision: " That all persons now or hereafter in possession of said premises or any part thereof, and not holding possession under valid and existing leases, do forthwith surrender such possession to said Receiver." Copy of this order was duly served on the plaintiff and defendant in this instant action, defendants in such foreclosure action. At the time of the commencement of the foreclosure action and the said appointment of the receiver, the defendant herein, as tenant, was indebted to plaintiff herein for the August and September, 1932, rent amounting to seventy dollars. After the appointment of the receiver, and on or about the 14th day of September, 1932, the defendant in this action, said tenant, paid the said August and September rent to the receiver, surrendered the premises to him, and removed therefrom. The plaintiff in this action, defendant mortgagor in said foreclosure action, thereafter, and prior to the expiration of her time to appear and answer in said foreclosure action, paid the plaintiff therein her obligation on said mortgage, and such foreclosure action was thereupon discontinued, the receiver discharged, and the premises surrendered by the receiver to the plaintiff herein. Plaintiff now brings this instant action to recover from said tenant the October, 1932, rent amounting to thirty-five dollars.

It is the contention of the defendant that institution of the foreclosure action and the order appointing the receiver canceled or vacated the lease entered into between plaintiff and himself, that he surrendered the premises to the receiver, who accepted, and had a lawful right to accept, such surrender, and that he is, therefore, discharged from all further obligation upon said lease. Plaintiff denies the correctness of these contentions. It is the issue thus raised which is now before this court for its determination.

The questions for determination, broadly stated, are, What power did the receiver have? Did he have lawful power to accept a surrender of the premises? Did he have lawful power to cancel, vacate, or interfere with a valid existing lease without notice to the landlord-mortgagor, the plaintiff herein? Did the institution of the foreclosure action and the order appointing the receiver as a matter of law cancel, annul or vacate the lease? Did the receiver pending the action have any lawful power other than to protect and preserve the property and to collect the rents, that is, any powers not expressly given him by the order appointing him?

The effect of the appointment of the receiver was to place the property in question from the date of the order appointing the receiver in the custody of the said receiver as an officer of the court for the benefit of the parties ultimately entitled thereto. (*Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Keeney* v. *Home Insurance Co.*, 71 id. 396.) The appointment of the receiver did not change the title or right of possession of the property. (*Brown* v. *Northrup*, 15 Abb. Pr. [N. S.] 333; *Leavitt* v. *Yates*, 4 Edw. Ch. 139.) Nor did the institution of the foreclosure action and the order appointing the receiver in any respect terminate the relation of the landlord and tenant existing between the parties to this instant action. (*Metropolitan Life Insurance Co.* v. *Childs Co.*, 230 N. Y. 285, 289; *Hewen Co.* v. *Malter*, 145 Misc. 635.) After appointment of the receiver, the rights and titles of the parties remained as before pending a sale of the property under a judgment of foreclosure. (*Keeney* v. *Home Insurance Co.*, *supra; Davis* v. *Gray*, 16 Wall. 203; *Metropolitan Life Insurance Co.* v. *Childs Co.*, *supra; Hewen Co.* v. *Malter, supra.*)

As a general rule, a tenant is liable for rent under his contract until actually evicted. Commencement of an action of foreclosure of a superior mortgage and even entry of judgment in such an action do not constitute an eviction of the tenant nor relieve him from his obligations as tenant under his lease. (Authorities *supra.*) There is no eviction in cases of this character until actual sale made. (Authorities *supra; Whalin* v. *White*, 25 N. Y. 462; *Mitchell* v. *Bartlett*, 51 id. 447; *Mason* v. *Lenderoth*, 88 App. Div. 38, 39; *Peck*, v. *Knickerbocker Ice Co.*, 18 Hun, 183; *Cummings* v. *Rosenberg*, 6 Misc. 538; *O'Neill* v. *Morris*, 28 id. 613.)

In the instant proceeding *Mason* v. *Lenderoth* (88 App. Div. 38 39); *Metropolitan Life Insurance Co.* v. *Childs Co.* (230 N. Y. 285, 289) and *Hewen Co.* v. *Malter* (145 Misc. 635) are controlling, and, so far as this court is concerned, require that the issue of law now herein presented to this court for its determination be determined in favor of the plaintiff.

In *Mason* v. *Lenderoth* (*supra*) there was a lease which was inferior to a mortgage. An action to foreclose the mortgage was instituted, and the tenant was made a party to such action. At the time of the commencement of the foreclosure action, the tenant was indebted to the landlord for two months' rent. Judgment of foreclosure and sale was entered, and the premises sold under such judgment. The tenant, subsequent to entry of judgment and prior to the sale, voluntarily gave up possession. The action was one to recover the said unpaid rent. The defendant tenant interposed a counterclaim for damages alleged to have been sustained by reason of the alleged termination of the lease by said judgment of foreclosure and sale. On this counterclaim the defendant tenant was awarded $100 damages and costs in the trial court. On appeal to the Appellate Division, Second Department, that court, in reversing the judgment of the lower court, used this language: " There was no attempt to show actual eviction, and there could have been no constructive eviction in any event before the foreclosure sale and the delivery of the referee's deed to the purchaser. Until that time at the earliest the rights of the parties as landlord and tenant were not affected by the foreclosure action. * * * The owner of the equity of redemption in the lands mortgaged was entitled to the rents which became due down to the period when the purchaser became entitled under the decree of sale to the possession of the premises. * * * If the judgment contained the proper provision this was ' on production of the deed.' * * * But in no case could the time arrive before the date of the sale. * * * The defendant was bound to show an eviction or an actual ouster by a paramount lawful title. * * * The covenant for quiet enjoyment goes only to the possession — not to the title. * * * Mere apprehension of eviction created in a tenant's mind by a judgment of foreclosure under a mortgage prior to his lease, is not legally sufficient to warrant him in fleeing from the demised premises, and in claiming damages as in case of actual ouster. Change of title to the leased premises is not of itself necessarily inconsistent with a tenant's peaceable possession. * * * Until the deed was delivered the title did not pass out of the defendant's lessor * * * and no paramount title could have been asserted against the defendant, or recognized by him."

In *Metropolitan Life Insurance Co.* v. *Childs Co.* (*supra*) the Court of Appeals employs this language: " As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of a judgment of foreclosure and sale constitute such an eviction. The sale may

never occur.  The amount due may be paid by the obligors.  The plaintiff may repent.  Until the sale actually takes place the tenant remains liable to his landlord on his contract.  \* \* \* If, on the contrary, he is not a party to the action his rights are not affected.  There is never an eviction.  Until the sale he must pay his landlord.  Afterwards, the purchaser.  As to the latter there is no necessity of attornment."

In *Hewen Co.* v. *Malter* (*supra*) the opinion of the Municipal Court, New York City, Borough of Manhattan, First District, Lewis, J., writing, is in full as follows: " By instrument dated the 17th day of December, 1931, the landlord entered into a lease in writing with the tenants, Malter, Smith and Weiss, for a term of two years, commencing the 1st day of May, 1932.  Subsequently, an action was instituted to foreclose a mortgage of the premises.  On June 20, 1932, a receiver of the rents, issues and profits was duly appointed in said action, and such receiver duly qualified.

" On October 3, 1932, the receivership was vacated and apparently, the landlord herein again became vested with his full and complete rights in the premises and under the lease.

" During the administration of the receiver, rents became due and payable, by virtue of the lease, on the first days of July, August, September and October.  These rents were not paid, and it would seem no proceedings or actions were ever instituted by the receiver to collect the same.  Upon the vacation of the receivership and on or about the 26th day of October, 1932, these proceedings were instituted by the landlord after demand, and upon the non-payment of the said rents for the months of July to October, inclusive.  The tenant contests the right of the landlord to maintain these proceedings on the ground that, at the time the rents became due under the lease, the premises were in the custody of the receiver; that the receiver alone had the right to collect them, and to maintain summary proceedings, and that, upon the discontinuance of said receivership, this landlord did not become vested with the right to maintain these proceedings for the non-payment of such rent.

" The appointment of the receiver did not destroy nor terminate the relationship of landlord and tenant between the owner (the mortgagor) and his tenant, nor did it give the receiver absolute and unqualified title to the rents.

" ' As a general rule a tenant is liable under his contract of lease until he is evicted.  Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of judgment of foreclosure and sale, constitute such an eviction.  \* \* \* Until the sale actually takes place the

tenant remains liable to his landlord.' (*Metropolitan Life Ins. Co. v. Childs Co.*, 230 N. Y. 285, at p. 289.)

" ' What was practically accomplished was to make the plaintiff receiver of the rents, with much of the same powers as would have been possessed by a receiver appointed by the court. As we construe the instrument in question, it did not obtain an absolute title to such rents as it might collect. It held them in trust to satisfy any deficiency that might arise on the foreclosure sale. Any surplus necessarily would be returned to the Robinsons. The latter were still owners of the property. The Childs Company was still their tenant.' (*Metropolitan Life Ins. Co. v. Childs Co.*, *supra*, 288.)

" The conclusion is inevitable that the right to maintain summary proceedings upon a lease, in conjunction with the occupancy of the premises, was never lost. The statute gave the receiver such right during his administration, as an aid to the enforcement of the subsisting lease between the owner of the property and the tenant. What rights were given to the receiver were given as an aid to the enforcement of this lease, not in diminution or destruction of the owner's rights, but rather in protection and preservation of them. Can the tenant contend that the right to employ summary proceedings was waived?

" The receiver did nothing inconsistent with the maintenance of this right and the position of the tenant has in no way been changed by any act of the receiver. Hence, upon the face of the case, we can see neither the features of waiver nor estoppel.

" The receiver is now out of the picture and a legal view of the situation presents a focus of the owner as the landlord and the lessee and sublessee as tenants and undertenants, holding under the original hiring, with no outstanding right or interest to the rents in any third person.

" In the construction of the statute providing these proceedings one should be guided by the object of the law. ' The remedy provided by section 2231 of the Code of Civil Procedure is intended to place the landlord in a position to compel payment of his rent or be restored to the possession of his premises, and when the proceeding has resulted in either of these ends it has accomplished all the Legislature intended.' (*Erkins* v. *Tucker*, 62 Misc. 495, at p. 498.)

" And I take it that, when the Legislature amended the statute so as to extend this remedy to a ' receiver of a landlord ' (Civ. Prac. Act, § 1414, subd. 8 [as added by Laws of 1932, chap. 304]), it acted in further fulfillment of the original object of the statute. The landlord refers to an early decision of Judge McADAM in support

of his contention. (*Ottinger* v. *Prince*, 2 City Ct. 353; McAdam Land. & Ten. [3d ed.] p. 14.)

" Our Appellate Term in *810 West End Avenue, Inc.*, v. *Frankel* (133 Misc. 338) definitely disapproves this decision.

" Final order granted in favor of the landlord. Ten days' stay."

Therefore, the beginning of the foreclosure suits and the order appointing the receiver did not, as matter of law, change the relation of landlord and tenant existing between the parties to this action or relieve the defendant from his contract obligations. Until sale was actually made under a judgment of foreclosure entered in the foreclosure action, the rights and obligations of the parties under the lease were not changed. Here there was neither judgment of foreclosure nor a sale thereunder. The plaintiff, defendant mortgagor in such foreclosure action, settled her obligations to the plaintiff mortgagee within the twenty days, in which she had a right to appear and answer, and thereupon that action was discontinued and the receiver discharged.

The sole power of the receiver was to preserve the property and collect the rents and profits thereof pending the foreclosure suit. He had no lawful authority to accept a surrender by the tenant, and surely had no lawful right to change or interfere with the contract relationship existing between plaintiff and defendant without knowledge or consent by the former or express order of the court. No consent was given by the plaintiff or order obtained from the court. It appears to be well settled that a surrender of premises by a tenant to one who has no lawful authority to accept such surrender is no defense to an action for rent becoming due pursuant to a contract of lease. (*Baylis* v. *Prentice*, 75 N. Y. 604.)

We have not overlooked the authorities cited by the learned counsel for the defendant, nor have we failed to give due consideration to the arguments he advances in support of defendant's position. However, in our opinion, the authorities relied upon are not in point nor controlling here, and the arguments advanced are based on erroneous supposition.

It follows that the question or issue presented must be, and, therefore, is, determined in favor of the plaintiff.

In accordance with the stipulation of the parties, this proceeding is hereby adjourned to the 18th day of January, 1933, at nine-thirty A. M. for such further proceedings herein as may then appear to be proper.